Argued November 2, reversed and remanded December 3, 1973,
petition for rehearing denied January 16, petition
for review denied March 5, 1974

STATE OF OREGON, *Respondent, v.* LLOYD
CURTIS HOFFMAN (No. C-73-01-0127 Cr),
*Appellant.*

516 P2d 84

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant was found guilty, after court trial, of criminal activity in drugs, ORS 167.207, and was placed on probation for two years. He assigns as error on appeal the refusal of the circuit court to allow his motion to suppress the evidence seized during a search conducted pursuant to a search warrant. He asserts that the facts set forth in the affidavit for search warrant failed to establish the reliability of the informant and failed to establish probable cause to believe that stolen items were on the premises at the time the search warrant was issued.

The affidavit and search warrant covered stolen property described as two guitars and a tape recorder. In executing the search warrant and while reading it to defendant on defendant's premises, the officers observed a quantity of marihuana in plain view[1] on a

---

[1] In view of our disposition of the case, the fact that the narcotic was in plain view does not help the search. Since the warrant was invalid, subsequent activity arising from the use of the warrant would be covered by the "fruit of the poisonous tree" exclusionary rule. Wong Sun v. United States, 371 US 471, 83 S Ct 407, 9 L Ed 2d 441 (1963); State v. Stanton, 7 Or App 286, 490 P2d 1274 (1971).

tray beside defendant. It was this narcotic and two and one-half amphetamine tablets discovered in the resulting personal search of defendant which led to this prosecution. The stolen musical instruments and tape recorder were not found in the search.

■ It is not necessary to discuss defendant's assignment relating to the reliability of the informant since we feel compelled to reverse because of the length of time between the informant's observation of the stolen property and the date of the search. The affidavit[2] recites that on January 8 and 9, 1973, affiant talked to an informant who said he, the informant, had been in the dwelling in question "within the last three weeks,"[3] at which time he observed the two guitars and the tape recorder. The affidavit was subscribed and sworn to before the magistrate on January 12, 1973, and the warrant was executed the same date. Thus it could have been as long as 24 or 25 days from the time informant saw the musical instruments and tape recorder until the affidavit was executed and search was made. There

---

[2] The pertinent part of the affidavit is as follows:

"* * * * *

"That on January 8 and 9, 1973, I personally talked to a confidential, reliable informant, who told me that the informant was in a dwelling located at 4411 S. E. 51st Avenue, which I know to be in the City of Portland, Multnomah County, Oregon, within the last three weeks, when the informant observed a Guild 'Bluesbird' electric guitar with a natural blond maple finish, which the informant had observed in Day Music Co. on a prior occasion; an Epiphone twelve string guitar; and an Ampex tape recorder, along with other musical instruments in the basement of the said dwelling, and that this said dwelling was a single family dwelling with a green light on the porch:

"* * * * *."

[3] We note the necessity of the drafter of search affidavits, in order to protect the identity of informants in certain instances, to use inclusive time spans rather than definite dates. This does not change the drafter's obligation to set forth an observation close enough in time to give rise to probable cause.

is no indication in the affidavit that the informant had observed the stolen items on any other occasion. The burden is on the one seeking the warrant to set forth facts which give rise to a well-founded belief that the items in question are still on the premises at the time the search warrant is sought.

The rule of reasonableness concerning permissible time lapse between the occurrence of the facts relied on and the issuance of a search warrant is stated in Annotation, 100 ALR2d 525, 534 (1965):

> "The requirement that an affidavit for a search warrant state the time of the occurrence of the facts relied upon is based on the necessity that there exist at the time the warrant is issued probable cause for believing that the facts relied upon still continue to exist. Simultaneity is, of course, normally impossible, but just how long a time may be permitted to elapse without destroying the basis for a reasonable belief as to the continuance of the situation set forth in the affidavit will vary according to the facts of the individual case. About all that may be stated by way of a general rule is that the courts will require that no more than a 'reasonable' time have elapsed, the nearer the time at which the facts occurred is to the time when the affidavit was made, the more probable it being that the affidavit will be held to justify a conclusion of probable cause.[12]"

(Footnote 11 omitted)

> "[12] Since courts have traditionally spoken in terms of nearness or remoteness in time when deciding the validity of a search warrant, it has been deemed advisable to set out the cases according to the number of days which intervened between the occurrence of the facts relied upon and the making of the affidavit or the issuance of the search warrant. As disclosed by this list, an interval of less than 4 days has never been held so

unreasonable as to vitiate a search warrant, while, on the other hand, an interval of more than 49 days has always been held an unreasonably long delay."

In *State v. Ingram,* 251 Or 324, 327, 445 P2d 503 (1968), our Supreme Court said:

"No permissible or reasonable time lapse can be specified. Whether the lapse of time is deemed to have been so long that it reasonably cannot be inferred that contraband is present at the premises will depend upon all the circumstances. * * *"

There, in connection with heroin, 28 days from the observance on the premises to the issuance of the warrant was held to be too long, even though the affidavit alleged in addition that defendant was a known narcotics user.

■ In the present case there is nothing to indicate the informant had observed the stolen items on any other than the one occasion, nor anything in the affidavit suggesting an activity of a continuing nature like receiving or "fencing" stolen goods. Neither does the mobile character of the items suggest that they would continue to be present at a given place for any particular length of time, especially given that they were stolen articles. We therefore hold that the lapse of as much as 24 days between the observing of the stolen articles by the informant and the subscribing to the affidavit and the issuing of the warrant was too great to permit the magistrate to find that probable cause existed that the stolen items were on the premises on the date of the affidavit.

Reversed and remanded.