Argued January 19, affirmed February 17, reconsideration denied
March 24, petition for review denied May 11, 1976

STATE OF OREGON, *Respondent,*

*v.*

DOUGLAS LEO FUGATE, *Appellant.*

(No. C 75-03-0993 Cr, CA 4944)

STATE OF OREGON, *Respondent,*

*v.*

DANNY RAY PETERLLA, *Appellant.*

(No. C 75-03-1014 Cr, CA 4943)

545 P2d 922

*Stephen A. Moen,* Portland, argued the cause and filed the brief for appellants.

*James A. Hill, Jr.,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

**LANGTRY, J.**

Defendants were arrested at the same time in the same premises and each charged in separate indictments with four counts of criminal activity in drugs. Together, they moved to suppress drugs seized pursuant to a search warrant at their time of arrest on the ground that the affidavit forming the basis for the warrant was insufficient. The motions were denied; thereafter, they each stipulated to the facts of one count each of the respectively applicable indictments, were found guilty and sentenced. These appeals, heard together, challenge the ruling on the motions to suppress.

The challenged affidavit is questioned only in regard to the sufficiency of the following paragraphs:
"* * * * *

"That I believe this informant to be familiar with cocaine and the packaging of cocaine because this informant has in the past purchased and used cocaine;

"That this informant informed me that within the past 48 hours this informant has been in the premises of John Doe 'Dan' and John Doe 'Doug', located at 5353 S.E. 28th Avenue, apartment #26, and while in these premises this informant purchased from the subject known to my informant only as John Doe 'Doug' a quantity of suspected cocaine;

"Further, that my informant informed me that in the past my informant has been in the premises located at 5353 S.E. 28th Avenue, apartment #26, and has purchased from the subject known to my informant only as John Doe 'Dan' a quantity of suspected cocaine;
"* * * * *."

In *State v. Willis,* 24 Or App 409, 545 P2d 1392 (1976), decided this day in a split decision, we held that an affidavit for search warrant which related only one drug sale "within the past 48 hours," on certain premises occupied by defendant, and no corroborating circumstances, was sufficient to form the basis of a well-warranted suspicion that more contraband was

presently on the same premises. The challenged affidavit at bar contained a similar allegation, plus the corroboration that "in the past" informant had made a similar purchase. On the basis of the court opinion in *Willis,* alone, the affidavit is in this regard sufficient. Further, although the phrase "in the past," with reference to other sales by one of the defendants on the same premises, is indefinite, it still carries enough support for "a reasonable mind" to be impressed "with the thought that the possession of [drugs] at the defendant's home was a continuing business enterprise * * *." *See State v. Spicer,* 254 Or 68, 72, 456 P2d 965 (1969).

Defendants also contend that the affidavit is indefinite because it refers only to "suspected cocaine." The affidavit in parts not quoted above states that the informant has been used as an informer before, and that his information had resulted in five arrests with seizure of "Narcotics, Cocaine, and dangerous drugs." This, coupled with the information quoted above to the effect that informant has "purchased and used cocaine," is sufficient to lead to a reasonable belief that when informant suspects a substance is cocaine, which he sees and purchases as such, it probably is cocaine.

Affirmed.