Argued July 20, reversed and remanded August 16, reconsideration denied
September 22, petition for review denied October 19, 1976

STATE OF OREGON, *Appellant,*

*v.*

JEROME FRANCIS BOUTIN, *Respondent.*

(No. 9183, CA 6108)

552 P2d 1349

*Kevin L. Mannix,* Assistant Attorney General,

Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Paul J. De Muniz,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

■ This is an appeal by the state from an order suppressing as evidence a quantity of illegal drugs. The sole question presented is: when an undercover police officer is present at a time when a private party makes an unauthorized search which the undercover agent did not initiate and in which he did not participate in any way, are the fruits of the search subject to suppression? We hold that they are not.

The relevant facts are uncontroverted. A State Police officer acting in an undercover capacity approached one Reynolds and asked Reynolds if he had any drugs for sale. Reynolds advised the officer that he did not have any but knew where he could buy some. Reynolds then took the officer to the defendant's apartment. When they arrived, Reynolds knocked on the door. When there was no answer, he opened the unlocked door, and after calling out the name "Tony" and receiving no response, he entered and indicated to the officer that he should enter with him. Reynolds then reached behind a couch in the living room and pulled out a paper bag containing the drugs in question which he gave to the officer in exchange for $15.

■ The exclusionary rule does not apply to the results of searches and seizures by private individuals acting on their own volition. *Burdeau v. McDowell,* 256 US 465, 41 S Ct 574, 65 L Ed 1048, 13 ALR 1159 (1921); *State v. Blackshear,* 14 Or App 247, 511 P2d 1272, Sup Ct *review denied* (1973); *State v. Becich,* 13 Or App 415, 509 P2d 1232, Sup Ct *review denied* (1973); *State v. Padilla,* 9 Or App 162, 496 P2d 256 (1972). It is only when the police participate as a party to an otherwise private search that the purpose of the exclusionary rule is served by suppressing evidence obtained as a result of that search. *See, Lustig v. United States,* 338 US 74, 69 S Ct 1372, 93 L Ed 1819 (1949); *State v. Becich, supra.*

■ Here defendant's apartment was not searched by the officer nor did he directly participate in any way.

He was merely an observer. Under such circumstances the constraints of the Fourth Amendment do not apply. *Cf., State v. Blackshear, supra; compare, State v. Becich, supra.*

Reversed and remanded.