Argued and submitted October 22, 1979, affirmed January 14,
reconsideration denied March 6,
petition for review denied May 13, 1980 (289 Or 107)

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID WAYNE COATNEY,
*Appellant.*

## (No. 35910, CA 13980)

604 P2d 1269

Steven V. Johnson, Portland, argued the cause and filed the brief for appellant.

Melinda L. Bruce, Assistant Attorney General, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

LEE, J.

**LEE, J.**

Defendant appeals his conviction by the court of attempted possession of a controlled substance. He assigns as error the trial court's denial of his motion to controvert the underlying affidavit; denial of his motion to suppress evidence; and the court's finding that he was in attempted possession of a controlled substance.

Defendant shared a three-bedroom house, located at 2906 Portland Road, Newberg, Oregon, with David M. Anderson, who was a suspect in an attempted burglary investigation. Officer Farrington, the police officer investigating the burglary, submitted an affidavit for a search warrant in which he described in detail the facts surrounding an attempted burglary of a tool shed in which a window was broken.[1] At the scene, the officer observed several blood stains on the shed and in the surrounding area. He took a sample of the blood. He followed blood-stained tracks leading from the shed into a nearby muddy field where he observed a set of footprints made by a "ridged sole from an athletic or 'Adidas' type shoe." The officer collected a sample of mud with an impression of this shoe. The affidavit stated:

"That on account of the large amount of what I believed to be blood at this scene, I went to the Newberg Community Hospital on November 25, 1978 and looked at what I know as the Hospital's Emergency Room Admission's Log Book. That I observed an entry at 9:55 p.m. or 2155 on November 24, 1978 regarding a cut to the right thumb of a David M. Anderson, 2906 Portland Road, Newberg, Oregon, date of birth October 9, 1953. That I obtained the name of the attending physician, Dr. Ellis B. Finch, and the emergency room nurse, Carol A. Gellerstedt. That on November 27, 1978, I spoke on the telephone with a person who identified himself as Dr. Finch. Dr. Finch told me that he recalled treating a David Anderson for a cut to Mr. Anderson's right thumb. That

---

[1] The attempted burglary occurred between 5:00 p.m. in the evening of November 24, and the morning of November 25, 1978.

Dr. Finch had a conversation with Mr. Anderson and was told that Anderson had been in a fight with a friend but that Anderson stated 'I don't know why he hit me.' Dr. Finch stated that he observed Anderson's face and hands for other signs of a fight, but found none. Dr. Finch stated that Anderson was wearing Adidas-type shoes which were muddy but appeared to have been wiped off, a flannel plaid shirt, and levis. Dr. Finch stated he was suspicious of Anderson's story of his accident because it appeared inconsistent.

"That I spoke on the telephone with a person who identified herself as Nurse Gellerstedt about the events of the evening of November 24, 1978. That Nurse Gellerstedt stated that she recalled David M. Anderson because he appeared to her to be evasive about the circumstances behind his injury. Anderson told Nurse Gellerstedt that he had cut his hand on 'window glass.' She also stated that Anderson was wearing a plaid flannel shirt and levis."

A search warrant was issued authorizing search and seizure of an athletic shoe of the Adidas type and a sample of the blood of David M. Anderson, said evidence believed located at 2906 Portland Road, Newberg, Oregon.

On November 30, 1978, the warrant was executed. Anderson was present during the search. Officer Farrington was aware that defendant also resided at that residence and that he had a separate bedroom. The police searched the entire house before searching defendant's bedroom. No Adidas type shoes were found. During the course of the search, the police observed evidence that marijuana had been smoked in the residence.[2] When defendant's bedroom was searched, Adidas type shoes were discovered, but the soles did not match the type found at the burglary scene. Officer Farrington examined two paper shopping sacks atop defendant's dresser by reaching into them. One sack contained a crumpled rag and the other sack contained a plastic bag of vegetable material which

---

[2] The officer testified that he observed a small amount of marijuana, a bong, and at least six pipes containing marijuana residue.

the officer believed to be marijuana. Anderson was transported to the hospital to obtain a blood sample. During Anderson's absence, Officer Farrington called the District Attorney's office to inquire whether an additional search warrant would be necessary to seize the plastic bag and contents; he was advised that the original warrant was sufficient. Thereupon the officer went to defendant's bedroom and seized the marijuana in the paper sack.

Defendant contends that: (1) the affidavit in support of the search warrant was insufficient to establish probable cause; (2) the search warrant was overbroad; and (3) the execution of the search was beyond the scope of the warrant.

In his motion to controvert and on appeal, defendant challenges the good faith, accuracy and truthfulness of the hearsay information provided by the informants, Dr. Finch and Nurse Gellerstedt. He claims that his motion to controvert, pursuant to ORS 133.693,[3] should have been granted, the challenged portions excised, and that the remaining portion of the affidavit is insufficient to establish probable cause for

---

[3] ORS 133.693 provides:

"(1) Subject to the provisions of subsection (2) of this section, in any proceeding on a motion to suppress evidence the moving party shall be entitled to contest, by cross-examination or offering evidence, the good faith, accuracy and truthfulness of the affiant with respect to the evidence presented to establish probable cause for search or seizure.

"(2) If the evidence sought to be suppressed was seized by authority of a search warrant, the moving party shall be allowed to contest the good faith, accuracy and truthfulness of the affiant as to the evidence presented before the issuing authority only upon supplementary motion, supported by affidavit, setting forth substantial basis for questioning such good faith, accuracy and truthfulness.

"(3) In any proceeding under subsection (2) of this section, the moving party shall have the burden of proving by a preponderance of the evidence that the evidence presented before the issuing authority was not offered in good faith, was not accurate and was not truthful.

"* * * * *

"(5) The court shall determine whether, under applicable law, any inaccuracy, untruthfulness or lack of good faith requires suppression."

[17]

issuance of the warrant. ORS 133.693(1) provides that the defendant may contest the "good faith, accuracy and truthfulness of the *affiant.*"(Emphasis supplied.) Thus, a defendant may only controvert the *affiant's* allegations, not the underlying information supplied by the informant. *State v. Montigue,* 38 Or App 363, 365-66, 590 P2d 247, *review allowed* 286 Or 149 (1979). We agree with the trial court that it was proper to deny defendant's motion to controvert[4] and that the affidavit did establish probable cause to support issuance of the warrant.

The defendant further contends that even if the affidavit was sufficient to establish probable cause, the search warrant was overbroad because its authorization should have limited the search to only the premises occupied and controlled by Anderson, the burglary suspect, since Officer Farrington was aware, before he applied for the warrant, that defendant resided at the same residence. As we stated in *State v. Willcutt,* 19 Or App 93, 94-95, 526 P2d 607, *rev den* (1974):

> "* * * [A] multiple-occupancy structure is not automatically a multiple-unit structure. The essential ingredient regarding specificity requirements for search warrants in this context relates not to the number of occupants but to the existence of separate units or subunits within a structure. The mere fact that a structure contains several residents who are not related to one another does not automatically convert its rooms into 'subunits.'"

The search here was pursuant to a warrant, thus, the burden of proof is on the defendant to show the invalidity of the warrant. ORS 133.693(3). Here, as in *Willcutt,* the objective characteristics indicate that the structure was a single dwelling shared by two people rather than a multiple unit or subunit building, which would necessitate specificity. The trial court held that the search warrant was not overbroad. We agree.

---

[4] The trial court found that the affidavit did establish probable cause and the facts were uncontroverted except for a conclusionary statement of Dr. Finch which was excised. It was error to excise this statement, but the error was harmless.

[18]

Defendant next maintains that the execution of the search was beyond the scope of the warrant, contending that the warrant did not permit the search of defendant's room, the search of the paper sack, and the seizure of the contents of the sack. As stated above, the objective characteristics did not indicate that the premises were a multiple unit or subunit. Therefore, the search of defendant's bedroom was lawful in executing the warrant. Moreover, the search of the paper sack was permissible, since it was reasonable to believe that someone with muddy shoes might put them inside a paper sack. The officer had probable cause to believe that the dried vegetable material found inside the sack was marijuana, since marijuana and marijuana-smoking paraphernalia were found on the premises. Therefore, we find that this evidence of another crime, discovered while searching pursuant to a valid search warrant, was lawfully seized and defendant's motion to suppress was properly denied. ORS 133.585.

Finally, defendant contends that there was insufficient evidence to show beyond a reasonable doubt that defendant was in possession of the marijuana. As the state has pointed out, defendant failed to raise this issue at trial; therefore, defendant's challenge to the sufficiency of the evidence to support his conviction will not be considered for the first time on appeal. *State v. Long,* 246 Or 394, 425 P2d 528 (1967); *State v. Redeman,* 9 Or App 329, 496 P2d 230 (1972).

Affirmed.