Argued January 21, reversed and
remanded for a new trial March 3, 1980

## STATE OF OREGON,
### *Respondent,*
### *v.*
## KEITH GERALD McGEE,
### *Appellant.*

### (No. 18-736, CA 15539)

607 P2d 217

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Christian W. Van Dyke, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant seeks reversal of his conviction of possession of marijuana. He correctly contends that the trial court erred in denying his motion to suppress, because the affidavit in support of the search warrant was insufficient to establish probable cause.

The only operative facts recited in the affidavit supporting issuance of the warrant are that (1) a confidential reliable informant was in defendant's residence "within the past 48 hours" and that (2) while there he observed "a quantity of marijuana."

In *State v. Kittredge/Anderson*, 36 Or App 603, 585 P2d 423 (1978), we found a similar affidavit insufficient. There, the only operative facts recited in the affidavit were (1) that a confidential reliable informant was in specified premises "within the past 96 hours" and (2) that "while in the residence * * * [he] observed * * * marijuana." 36 Or App at 605. We observed that the affidavit did not relate how much marijuana was seen in the house, who normally occupied the house, who actually possessed the marijuana, or whether the suspect had a history of drug use or dealings. We noted that a further detailing of any of the above items, or other relevant facts, might have rendered the affidavit sufficient to establish probable cause. 36 Or App at 606-07. *See also State v. Ingram*, 251 Or 324, 445 P2d 503 (1968).

Reversed and remanded for a new trial.