Argued and submitted January 23, reversed and
remanded March 24, reconsideration denied May 8,
petition for review denied May 28, 1980 (289 Or 209)

# STATE OF OREGON,
*Appellant,*

*v.*

# CURTIS LEE GRIBSKOV,
*Respondent.*

## (No. 18-877 (79-570), CA 15500)

608 P2d 593

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Stephen A. Houze, Portland, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

RICHARDSON, J.

*Schwab, C. J. *vice* Lee, J., deceased.

**RICHARDSON, J.**

The state appeals an order suppressing marijuana seized pursuant to a warrant. ORS 138.060(3). The issue is whether the affidavit upon which the warrant was issued alleged facts sufficient to create a well-reasoned suspicion that marijuana could still be found at the described premises.

The relevant allegations are:

(1)  Within 72 hours prior to the swearing of the affidavit the confidential reliable informant was inside the residence; occupied by defendant;

(2)  The informant observed a quantity of marijuana "more than one ounce";

(3)  The marijuana was in the possession of the occupant of the residence known to the informant as Curt;

(4)  The informant on at least four prior occasions had been inside the residence and witnessed sales of various amounts of marijuana;

(5)  The residence was particularly described as to its size, color and location; the occupant of the residence was also described by race, age, height and build.

Defendant sought to have the evidence suppressed because of the lapse of time between the informant's observation of the marijuana and the issuance of the warrant. *State v. Scheidemann*, 252 Or 70, 448 P2d 358 (1968); *State v. Ingram*, 251 Or 324, 445 P2d 503 (1968); *State v. Kittredge/Anderson*, 36 Or App 603, 585 P2d 423 (1978); *State v. Hoffman*, 15 Or App 524, 516 P2d 84 (1973), *rev den* (1974).

The rationale behind the staleness rule is that at the time the warrant is issued there must be probable cause for believing the items sought still exist at the designated location. The length of time permitted to elapse without destroying the basis for the reasonable belief as to the continuance of the situation as the affiant described it will vary according to the facts of each case. *State v. Ingram, supra; compare, State v.*

*Veley* , 37 Or App 235, 586 P2d 1130 (1978), *rev den* 285 Or 1 (1979).

Defendant relies primarily on *State v. Kittredge/Anderson supra; see also State v. McGee*, 45 Or App 9, 607 P2d 217 (1980), for his assertion that the information in the affidavit was stale. In that case a warrant was issued on the basis of an affidavit which stated merely that an informant had observed marijuana in a certain premises within the previous 96 hours. Our reason for holding that warrant insufficient was that there were no facts which would support a *reasonable* suspicion that the drugs would have remained. There was no statement of the guantity observed, who possessed it, who resided in the premises, or any history from which it could be inferred that a drug traffic enterprise was being conducted there.

In contrast, the present affidavit lists a quantity greater than that statutorily recognized, ORS 475.992(4)(f), as possessed for personal use, possessed by an identified occupant of the residence. The affidavit also states a history of prior drug sales at that location. Although the prior sales are indefinite as to time and persons involved, the allegation supports the inference that drugs are continually present at this residence, *see State v. Fugate, Peterlla*, 24 Or App 419, 422, 545 P2d 922, *rev den* (1976).

Giving a common sense reading to this supporting affidavit, *United States v. Ventresca*, 380 US 102, 108, 85 S Ct 741, 13 L Ed 2d 684 (1965), we conclude that probable cause existed that the controlled substance would be present at the described residence. *State v. Spicer*, 254 Or 68, 456 P2d 965 (1969); *State v. Black-/Black*, 36 Or App 613, 585 P2d 44, *rev den* 284 Or 521 (1978); *State v. Fugate, Peterlla, supra.*

Reversed and remanded.