## STATE OF OREGON,
*Appellant,*

*v.*

## CHARLES HENRY MEPHAM,
*Respondent.*

(No. 10-79-05952, CA 15309)
(No. 10-79-05953, CA 15310)
(cases consolidated)

613 P2d 500

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

H. Thomas Evans, Eugene, argued the cause for respondent. With him on the brief was Evans & Armstrong, Eugene.

Before Schwab, Chief Judge, and Joseph, Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

The state appeals from an order suppressing evidence seized pursuant to a warrant. In a suppression hearing involving a charge of possession of marijuana, the trial court had ruled the affidavit insufficient to support the issuance of a warrant. An additional charge, tampering with drug records, presented the same issues of fact and law. The two cases, therefore, were consolidated on appeal.

The affidavit is set out below.[1] The key language in the affidavit is: "While on the porch, I observed

[1]

" I, James Hill, being first duly sworn on oath, hereby depose and say:

" That I am a police officer with the Eugene Police Department and have been so employed for the past five years. That I am currently assigned to the Criminal Intelligence Section and have been so assigned for the past 10 months. That I have approximately 120 hours of formal training in the identification of controlled substances and that I have had occasion to identify the controlled substance marijuana in the past and have had that identification confirmed by subsequent laboratory analysis.

" That on the 30th day of April, 1979, I was in the vicinity of South 15th Street in Springfield, Lane County, Oregon. That my purpose for being there was to assist Officer Dave Arts of the Eugene Police Department in arresting a suspect wanted for attempting to obtain drugs unlawfully. The suspect's name was Charles Mepham. That while we were in the vicinity of South 15th Street in Springfield we observed a white male drive up in a vehicle and get out. Officer Arts stated to me at that time that that individual matched the description of Mepham. The subject entered the residence at 146 South 15th Street, Springfield, Lane County, Oregon, and left the door of the residence open. At that time, Stan Meyer of the Springfield Police Department and [sic] walked up onto the porch of the aforesaid residence with the intention of making an arrest. While on the porch, I observed through the open doorway within the aforesaid residence a coffee table WHICH WAS [sic] approximately six feet away from the front door. I noticed a green vegetable substance which I recognized to be the controlled substance marijuana in a container upon the coffee table. That we at that time entered the residence and secured the residence for purposes of obtaining a search warrant.

" That I can describe the residence at 146 South 15th Street, Springfield, Lane County, Oregon, as being a single story, wood frame, white dwelling house located on the west side of South 15th Street in Springfield, Lane County, Oregon. The numerals "146" appear in vlack [sic] letters on the front of the building.

through the open doorway within the aforesaid residence a coffee table WHICH WAS [*sic*] approximately six feet away from the front door. I noticed a green vegetable substance which I recognized to be the controlled substance marijuana in a container upon the coffee table." The trial court ruled the contraband that had been in plain sight of the officers was properly seized, but that all other evidence must be suppressed. It reasoned that observation of a container of marijuana does not give rise to probable cause to believe that more drugs would be found in the residence. We agree.

In some cases, some evidence of the presence of an illegal substance may establish probable cause that more of the same material will be found. *See State v. Krohn,* 15 Or App 63, 514 P2d 1359 (1973). We do not consider this to be such a case. The affidavit does not provide enough facts to warrant the reasonable suspicion that the container was not the household's entire supply. It does not justify a search of the house. *See State v. McGee,* 45 Or App 13, 607 P2d 217 (1980) and *State v. Sagner,* 12 Or App 459, 506 P2d 510 (1973).

Affirmed.

---

" Wherefore your affiant has probable cause to believe and does believe that evidence of the crime of Possession of a Controlled Substance, to-wit, marijuana, is currently located within the above-described premises at 146 South 15th Street, Springfield, Lane County, Oregon, and, therefore, requests this court to issue its warrant to search the above-described premises and its curtilage for the controlled substance marijuana and evidence of its use and possession."