Argued and submitted October 24, 1980, affirmed January 19,
reconsideration denied February 28,
petition for review denied March 17, 1981 (290 Or 651)

## STATE OF OREGON,
*Respondent,*

*v.*

## NORMAN LEE WATERBURY,
*Appellant.*

### (No. J79-2319, CA 18002)

622 P2d 330

Stephen L. Behrends, Eugene, argued the cause for appellant. With him on the brief was Charles O. Porter, Eugene.

James E. Mountain, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J. PRO TEMPORE*

---

*Appointed to Supreme Court December 1, 1980.

## CAMPBELL, J. PRO TEMPORE

Defendant was found guilty of manufacturing marijuana. Prior to trial, he moved to suppress evidence seized under a search warrant and also for an order to compel the state to disclose the name of a confidential informer and to compel his appearance at the motion to suppress hearing. The trial court denied both motions. Two issues are raised by this appeal: first, whether the state is required to disclose the identity of an informant where the informant's testimony is relevant only to the question of substantial official involvement in the informant's private search and seizure; second, whether, under the findings of fact made by the trial court, there was substantial official involvement in the private search so that the exclusionary rule applies.

In its memorandum decision denying the defendant's motion to suppress, the court made the following findings of fact:

"[In response to a phone call] Deputy Nores met the informant on the steps of the courthouse. The deputy had never seen the informant prior to that time. The informant related that he had discovered what he thought were marijuana plants. He was vague about the location. He told of the necessity to climb a rope or lower himself into a pit to reach the plants. The officer believed from that description the plants were probably in a narrow canyon. Actually they were in a building with a high barricade around all the walls. The officer asked the informant if the plants were on private or public property. The informant professed not to know, but that 'he thought it was private property.' The informant resisted answering inquiries concerning a more definite location of the plants. He finally told the deputy that he would meet him at a designated spot within a specific time. There was no clear understanding on the part of the deputy about what the informant was going to do, but a reasonable expectation could have been that the informant was going to produce further evidence to enable the deputy to obtain a search warrant. The informant met the deputy at the designated spot and brought with him some plants which the deputy immediately recognized as marijuana. The deputy and the informant then personally went before Judge Poole and obtained the search warrant."

In the ensuing search a marijuana-growing operation was discovered, and a large amount of the evidence was seized.

Defendant first assigns as error the trial judge's denial of his motion to compel disclosure of the informant's name and to compel his presence at the motion to suppress hearing. Defendant argues that the informant's testimony on the issue of whether the informant searched defendant's premises with the encouragement and active participation of the sheriff's officers would have been relevant and possibly favorable to defendant; therefore the court's refusal to compel disclosure of the informant's name infringes upon defendant's constitutional right to compulsory process for obtaining witnesses in his favor under Oregon Constitution, Article I, Section 11, and United States Constitution, Amendment VI. We disagree.

■ The state is authorized to withhold the identity of a confidential informant where failure to disclose will not infringe the constitutional rights of the defendant. ORS 135.855(1)(b). The purpose of the privilege is to protect the public's interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation. *Roviaro v. United States,* 353 US 53, 77 Sup Ct 623, 1 L Ed 2d 639 (1957); *State v. Elliott,* 276 Or 99, 553 P2d 1058 (1976); *State v. Cortman,* 251 Or 566, 446 P2d 681 (1968), *cert den* 394 US 951 (1969). The scope of the privilege is limited by its purpose and must give way where the individual's right to make his defense is, upon balancing the two, more important than the public's interest in protecting the flow of information. *State v. Elliott, supra,* 276 Or at 102. As the Supreme Court stated in *Elliott:*

> "* * * Whether a proper balance renders as error the failure to require production depends upon the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informant's testimony, and other relevant factors. Where production of the informant has been shown to be essential to a fair determination of a defendant's guilt or innocence, the privilege must give way. * * *" 276 Or at 102. *Id.* Quoting *Roviaro* at 60-62; *State v. Cortman, supra,* 251 Or at 674.

■■ Where the issue is not guilt or innocence, but the question of probable cause for an arrest or search, police officers are not required to disclose an informant's identity, *McCray v. Illinois,* 383 US 300, 87 S Ct 1056, 18 L Ed 2d 62 (1967); *State v. Jesse,* 17 Or App 368, 372-73, 521 P2d 1323 (1974); and *see* Criminal Law Revision Commission, Proposed Oregon Criminal Procedure Code, Commentary § 326 at 190 (Final Draft 1972), unless the record reveals that there was inadequate proof of probable cause without the informant's identity. *See McCray v. Illinois, supra,* 386 US at 313; *State v. Cortman, supra,* 251 Or at 572. Therefore, the defendant's motion to compel disclosure was properly denied.

Defendant's second argument is that it was reversible and prejudicial error to deny his motion to suppress evidence because, even without the informant's testimony, the record shows that the officer encouraged the informant to make a search and then stood by waiting for the results, making an otherwise private search unlawful state action. The question is thus whether the trial court correctly applied constitutional principles to its findings of fact. *State v. Peller,* 287 Or 255, 260 n 1, 598 P2d 684 (1979); *State v. Warner,* 284 Or 147, 156-59, 585 P2d 681 (1978); *Ball v. Gladden,* 250 Or 485, 487-88, 443 P2d 621 (1968).

■■ We believe the court reached a correct conclusion in stating there was insufficient official involvement in this case. The trial judge found that the informant was volunteering information without an original inquiry by the deputy and that the deputy did not request the informant to obtain the marijuana. The exclusionary rule does not apply to the results of searches and seizures by private individuals acting on their own volition. *E.g., State v. Boutin,* 26 Or App 485, 487, 552 P2d 1349 (1976). However, if police participate in an otherwise private search, the officer's participation will taint the subsequent seizure and subject the fruits of the search to suppression. *State v. Becich,* 13 Or App 415, 509 P2d 1232 *rev den* (1973). The crucial element is "the extent of official involvement." *Id.,* at 419. Thus, where the police are merely present as observers at a time when a private party makes an unauthorized search which the undercover agent does not initiate or participate in, the fruits of the search are not subject to

suppression. *State v. Boutin, supra,* 26 Or App at 487; *see also State v. Padilla,* 9 Or App 162, 496 P2d 256 (1972).

■      Defendant argues that *Boutin* is not controlling because "there the officer was not a participant nor had he requested that a search be made." Contrary to defendant's contention however, it does not appear that Officer Nores requested the search nor did he participate in it. The trial court found that "there was no clear understanding about what the informant was going to do, but a reasonable expectation could have been that the informant was going to provide further evidence to enable the deputy to obtain a search warrant." While it could be said that the informant had some implicit encouragement from the police, absent any request or direct participation by the sheriff, we think such 'circumstantial encouragement,' if any, was insufficient official involvement to warrant applying the constraints of the exclusionary rule.

Affirmed.