# STATE OF OREGON,
*Respondent,*

*v.*

# CHARLES G. DUNNING,
*Appellant.*

## (C85-03-30821; CA A36715)

724 P2d 924

Dave E. Groom, Portland, argued the cause for appellant. With him on the brief was Des Connall, P.C., Portland.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

Van Hoomissen, J., concurring.

## YOUNG, J.

Defendant seeks reversal of his conviction for the unlawful delivery of a controlled substance. ORS 475.992(1).[1] He makes three challenges to the lawfulness of the search warrant. We affirm.

Defendant first argues that the trial court erred in denying his motion to controvert. ORS 133.693.[2] The affidavit in support of the search warrant recites that most of the affiant's information came from a named special agent of the U. S. Drug Enforcement Administration, who in turn received his information from a "confidential reliable informant." The affiant also received information directly from two other unnamed informants. Defendant contends that it was error to deny his motion to controvert, because the state failed to establish the truthfulness, accuracy and good faith of the affiant *or* the agent in that the affiant and the agent "failed to give any information which would vouch for the truthfulness of the [confidential reliable] informants and * * * refuse[d to] reveal the names or any information about those informants." That argument is without merit.

■ ■    First, defendant has the burden of proving the affiant's lack of truthfulness, accuracy and good faith. *See* ORS 133.693(3). In addition, a motion to controvert is directed solely at the good faith, accuracy and truthfulness of

---

[1] Defendant was also convicted of possession of a controlled substance. ORS 475.992(4). He does not appeal that conviction, which was merged for sentencing purposes into the conviction that is appealed.

[2] ORS 133.693 provides, in relevant part:

"(1) Subject to the provisions of subsection (2) of this section, in any proceeding on a motion to suppress evidence the moving party shall be entitled to contest, by cross-examination or offering evidence, the good faith, accuracy and truthfulness of the affiant with respect to the evidence presented to establish probable cause for search or seizure.

"(2) If the evidence sought to be suppressed was seized by authority of a search warrant, the moving party shall be allowed to contest the good faith, accuracy and truthfulness of the affiant as to the evidence presented before the issuing authority only upon supplementary motion, supported by affidavit, setting forth substantial basis for questioning such good faith, accuracy and truthfulness.

"(3) In any proceeding under subsection (2) of this section, the moving party shall have the burden of proving by a preponderance of the evidence that the evidence presented before the issuing authority was not offered in good faith, was not accurate and was not truthful."

the affiant and not at the underlying information supplied by the informant. *See* ORS 133.693(2); *State v. Coatney,* 44 Or App 13, 18, 604 P2d 1269, *rev den* 289 Or 107 (1980). Finally, defendant attempts, under cover of a motion to controvert, to argue that the trial court erred in refusing to require the state to reveal the informants' identities. Because that issue is not properly raised by a motion to controvert, the trial court did not err in denying the motion.

■ Defendant's second assignment is that it was error to deny defendant's motion to require the state to disclose the identity of the informants or, alternatively, to dismiss. He contends that the informants' names should have been revealed, because otherwise the hearing had a "Star Chamber quality" and the "entire event remains shrouded in mystery." We disagree. The state may withhold a confidential reliable informant's identity unless failure to disclose will infringe on the defendant's constitutional rights. ORS 135.855(1)(b); OEC 510; *State v. Waterbury,* 50 Or App 115, 118, 622 P2d 330, *rev den* 290 Or 651 (1981). When production of the informant is essential to a fair determination of a defendant's guilt, the privilege to withhold must give way. *State v. Elliott,* 276 Or 99, 102, 553 P2d 1058 (1976) (*citing Roviaro v. United States,* 353 US 53, 60-62, 77 S Ct 623, 1 L Ed 2d 639 (1957)). If, however, the question is not guilt or innocence, but rather the question of probable cause for an arrest or search, the state need not disclose the informant's identity "unless the record reveals that there was inadequate proof of probable cause without the informant's identity." *State v. Waterbury, supra,* 50 Or App at 119. Defendant fails to explain, and the record does not reveal, how revelation of the informants' identities bears on the existence of probable cause. The trial court did not err.

Finally, defendant argues that it was error to deny his motion to suppress, because the affidavit is insufficient on its face to establish probable cause. Specifically, he contends (1) that the affidavit does not show the unnamed informants' veracity and basis of knowledge and (2) that the information in the affidavit was stale. We address those arguments in turn.

■ An affidavit which relies on an unnamed informant must meet a "two-pronged" test: (1) it must set forth the informant's basis of knowledge; and (2) it must establish the informant's veracity, by showing either (a) that the informant

is credible or (b) that the information is reliable. ORS 133.545(4);[3] *State v. Montigue,* 288 Or 359, 362, 605 P2d 656 (1980); *State v. Souders,* 74 Or App 123, 128, 700 P2d 1050 (1985). Corroboration either by police investigation or by co-informants can establish an unnamed informant's reliability. *State v. Souders, supra,* 74 Or App at 129. If a tip is sufficiently detailed, it can be inferred that the basis of the informant's knowledge is personal information. *See Spinelli v. United States,* 393 US 410, 416, 89 S Ct 584, 21 L Ed 2d 637 (1969); *State v. Delker,* 26 Or App 497, 502, 552 P2d 1313, *rev den* 276 Or 387 (1976).

■ Defendant does not argue that the affidavit must meet the two-pronged test with respect to the *named* agent. He argues only that the affidavit fails the two-pronged test with respect to the three *unnamed* informants. We first examine the agent's confidential informant's basis of knowledge and veracity. The affidavit provides in part:

> "That the confidential reliable informant advised [the agent] that [defendant] resides at 7216 N. Amherst Street, City of Portland, County of Multnomah, State of Oregon. Further, that a subject by the name of Karen Thornton resides with [defendant] at that address. That the informant advised [the agent] that the subject Karen Thornton works for Chevron Oil Company in the computer division. That on February 19, 1985, [the agent] contacted Portland General Electric and was advised that utilities at 7216 N. Amherst Street were subscribed in the name of Karen F. Thornton. PGE information indicates that Karen Thornton is employed by Chevron USA and lists a home phone number of 286-8506. A subsequent query of Pacific Northwest Bell telephone records indicates that the phone number 286-8506 is in fact subscribed to the name of K. F. Thornton at 7216 N. Amherst Street, Portland, Oregon. * * *
>
> "That this confidential reliable informant told [the agent]

---

[3] ORS 133.545(4) provides:

"The application [for the search warrant] shall consist of a proposed warrant in conformance with ORS 133.565, and shall be supported by one or more affidavits particularly setting forth the facts and circumstances tending to show that the objects of the search are in the places, or in the possession of the individuals, to be searched. If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliability and shall disclose, as far as possible, the means by which the information was obtained."

that [defendant's] and Ron Hodges' business, C.R.A. Construction Company, is located on N. Lombard Street, and that [defendant] co-mingles funds derived from the sale of cocaine with monies used to operate the C.R.A. Construction Company. Further, that [defendant] invests portions of those monies derived from cocaine trafficking in Chevron USA stocks and real estate purchases, with a real estate company located next to his business. That on 2/19/85, I went to 8040 N. Lombard Street, City of Portland, County of Multnomah, State of Oregon, and at that location found the Penninsula Real Estate office which I believe to be a Century 21 Real Estate office by the signs present on the outside of the building. That I observed no signs that would indicate that this office contains a construction business, but entered that office during business hours in an undercover capacity. Once in what appeared to be a real estate office, I spoke with an employee and asked where C.R.A. Construction Company was located. The employee pointed out a partitioned cubicle in the northeast corner of the business office and stated that that was C.R.A. Construction Company, but that no one was there at the time. I could see a desk and what appeared to be a small office present within this cubicle. * * *

"That furthermore, the confidential reliable informant advised [the agent] on February 19, 1985, that [defendant] uses a pager to facilitate drug transactions and provided the number of (503) 250-7146. That on this same date [the agent] verified through Pacific Northwest Bell that the above listed pager telephone number is subscribed to Portland Paging Company in Portland, Oregon.

"That this confidential reliable informant advised [the agent] that [defendant] has two daughters who distribute cocaine for him. That the Portland Police Computer System shows a previous address of 8124 N. Hartman listed for [defendant]. That a check with the Portland Police Computer System shows as of 3/18/84, the occupant of 8124 N. Hartman was a Sandra Jean Dunning with a date of birth of 5/4/40, the same year that [defendant] was born. That further checks indicate two other subjects reside at the address of 8124 N. Hartman, one Debra Jean Dunning, with a date of birth 10/18/59, and one Theresa A. Dunning, with a date of birth of 6/14/65. * * *

"That this confidential reliable informant advised [the agent] that [defendant], in addition to the 'laundering' of funds in real estate, stocks, and the construction company, wraps money in freezer bags and places the monies in a freezer located in the garage of the residence at 7216 N. Amherst Street in Portland, Oregon;

"Further, that this confidential reliable informant advised [the agent] that in addition to the monies which are secreted in the freezer in the garage, [defendant] maintains scales, packing paraphernalia, and other items associated with the use and distribution of controlled substances in his house. * * *

"That on February 19, 1985, [the agent] told me he was contacted by the above described citizen informant and advised that in the preceding 75 hours from the time this affidavit is sworn that that informant had been within the residence situated at 7216 N. Amherst Street, City of Portland, County of Multnomah, State of Oregon; Further, that while in said residence, [the agent] told me *the informant did observe [defendant] in possession of a quantity of cocaine in excess of one ounce* and that when this informant left the residence [defendant] was still in possession of that amount of cocaine. That this informant told [the agent] that *the informant has observed [defendant] in possession of a quantity of cocaine* in excess of six times within the last six months, and that *on virtually every instance that this informant has been in contact with [defendant, defendant] was in possession of cocaine within his previously described residence* of 7216 N. Amherst, City of Portland, County of Multnomah, State of Oregon." (Emphasis supplied.)

As to the basis of knowledge prong, the affidavit states that the agent said that the informant said that the informant observed defendant in possession of cocaine. Moreover, the remaining facts provided by the informant are sufficiently detailed that the magistrate could reasonably infer that the informant had personal knowledge of them.

As to the veracity prong, there was substantial corroboration of the detailed and often private information. For example, either the agent or the affiant verified that defendant and Ron Hodges are co-owners of a construction business; the construction business' office is located in an unmarked cubicle inside a real estate office; defendant lives with Karen Thornton; Thornton is employed by Chevron; and a specific telephone number is of a subscriber to a pager company. Although those details concern nonincriminating facts, that does not render them worthless for establishing the informant's reliability. *See State v. Delker, supra,* 26 Or App at 502. Because both prongs are satisfied, the magistrate properly relied on the agent's informant's information in making

the probable cause determination. *See State v. Delker, supra,* 26 Or App at 503.

■ We turn to the affiant's informants. The affidavit stated:

> "That within the last thirty (30) days I have interviewed two subjects who have alluded to knowing of a subject who owned a construction company, who is currently involved in building the Portland Police Bureau Property Room, and who is in fact a distributor of substantial quantities of cocaine in the Portland Metropolitan area. That since that interview I have had conversations with one of those subjects who identified by name [defendant] as that person * * *."

There are no facts in the affidavit bearing on either the informants' basis of knowledge or their veracity. Therefore, their tips cannot serve as a predicate for the warrant. *See State v. Diaz,* 29 Or App 523, 529, 532, 564 P2d 1066 (1977). That is irrelevant, however, because the affidavit otherwise establishes probable cause to issue the warrant without those tips.

■ The remaining question is whether the agent's informant's information regarding cocaine on the premises "in the preceding 75 hours" was stale for probable cause purposes. It was not. In *State v. Kittredge/Anderson,* 36 Or App 603, 606-7, 585 P2d 423 (1978), we held that the affidavit would have been sufficient[4] if it had revealed (1) how much marijuana was seen, (2) in whose possession the marijuana was seen or (3) the suspects' prior history. All of those additional facts are present here. The agent stated that the informant had stated that defendant had possessed in excess of one ounce of cocaine. Additionally, the agent stated that the informant stated that the informant had observed defendant in possession of cocaine more than six times in the last six months and had said that defendant had possessed cocaine within his residence each time that the informant has been in contact with defendant. The information was not stale. *See State v. Gribskov,* 45 Or App 403, 406, 608 P2d 593, *rev den* 289 Or 209 (1980). The trial court did not err in denying the motion to suppress.

---

[4] The affidavit there stated only that an informant had seen marijuana at certain premises within the past 96 hours. 36 Or App at 606.

Affirmed.

**VAN HOOMISSEN, J.,** concurring.

I agree with the majority opinion. I write separately to express my opinion that the legislature should follow the lead of the United States Supreme Court and abandon the *Aguilar/Spinelli*[1] "two-pronged" test that is codified in ORS 133.545(4).[2]

In *Illinois v. Gates,* 462 US 213, 103 S Ct 2317, 76 L Ed 2d 527, *reh den* 463 US 1237 (1983), the United States Supreme Court concluded that the "two-pronged" test exalted form over substance:

"[T]he 'two-pronged test' has encouraged an excessively technical dissection of informants' tips with undue attention being focused on isolated issues that cannot sensibly be divorced from the other facts presented to the magistrate.

"\* \* \* \* \*

"The rigorous inquiry into the *Spinelli* prongs and the complex superstructure of evidentiary and analytical rules that some have seen implicit in our *Spinelli* decision, cannot be reconciled with the fact that many warrants are—quite properly—issued on the basis of nontechnical, common-sense judgments of laymen applying a standard less demanding than those used in more formal legal proceedings. Likewise, given the informal, often hurried context in which it must be applied, the 'built-in subtleties' of the 'two-pronged test' are particularly unlikely to assist magistrates in determining probable cause.

"\* \* \* \* \*

"[T]he direction taken by decisions following *Spinelli* poorly serves '[t]he most basic function of any government': 'to provide for the security of the individual and of his property.' The strictures that inevitably accompany the 'two-pronged test' cannot avoid seriously impeding the task of law enforcement." 462 US at 234. (Footnotes and citations omitted.)

---

[1] *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964); *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969).

[2] ORS 133.545(4) provides, in relevant part:

"If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliability and shall disclose, as far as possible, the means by which the information was obtained."

The drafters of ORS 133.545 only intended that the statutory requirement as to content of the allegations in an affidavit reflect the Fourth Amendment requirements as expressed in then existing and forseeable decisions of the United State Supreme Court. *State v. Russell,* 293 Or 469, 473, 650 P2d 79 (1982). Article I, section 9, of the Oregon Constitution is similarly construed. *State v. Souders,* 74 Or App 123, 128, 700 P2d 1050 (1985).

Although an informant's veracity, reliability and basis of knowledge continue to be relevant in determining the value of the informant's information under the totality of circumstances test, *see Illinois v. Gates, supra,* 462 US at 230, they should only be factors to be considered by a magistrate in determining whether probable cause is shown.