Argued August 21, affirmed September 14, petition for rehearing denied October 3, petition for review denied November 27, 1973

STATE OF OREGON, *Respondent, v.* RONALD STEVEN KOOK (No. 20879), *Appellant.*

513 P2d 1189

*M. Chapin Milbank,* Salem, argued the cause for appellant. With him on the briefs were Brown, Schlegel, Milbank, Wheeler & Jarman, Salem.

*John L. Snyder,* District Attorney, Dallas, argued the cause and filed the brief for respondent.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant was convicted of criminal activity in drugs and was sentenced to 18 months' imprisonment. He appeals asserting error in the denial of his motion to suppress evidence.

■ Defendant claims the affidavit for search warrant was insufficient to establish probable cause because the reliability of the informant was not supported. In fact, the reliability of the informant was demonstrated, so the affidavit recites, by police surveillance of the informant's entry and exit while he made a purchase of a baggie of marihuana at defendant's house, which marihuana was promptly thereafter delivered by the informant to the affiant police officer. There is no merit to this assignment.

■ Defendant asserts that since the search warrant did not state that the search could be made at "any time of the day or night" the search was unreasonable. Neither is there merit to this contention. ORS 141.080, cited by defendant, merely sets forth the form to be used for search warrants and is not to be construed as requiring a search warrant to be served during the daytime, even though the warrant omits the language "any time of the day or night."[1] The warrant authorized immediate search and the record indicates it was served within a matter of a few hours after its issuance.

■■ Defendant's other assignment, that the search was overbroad, is also without merit. While some items which were not related to the offense of possession of marihuana, such as vitamin pills and tea, were seized, only those items relevant to the crime charged were introduced in evidence. Thus, the defendant was not prejudiced by seizure of those items. The search warrant authorized a search of the dwelling for marihuana. The concealable nature of this substance warranted a thorough search of the house. The search here was no broader in scope than authorized by the warrant. *State v. Ronninger,* 7 Or App 447, 492 P2d 298 (1971).

Affirmed.

---

[1] The new Oregon Criminal Procedure Code (Oregon Laws 1973, ch 836, § 85), effective January 1, 1974, does provide that search warrants be served between 7 a.m. and 10 p.m. unless otherwise provided in the warrant.