Argued and submitted April 7, affirmed August 24, 1982

STATE OF OREGON,
*Petitioner on Review,*
*v.*
LELAND P. RUSSELL,
*Respondent on Review.*

(CA A20189, SC 28331)

650 P2d 79

Charles Lee, Deputy District Attorney, Roseburg, argued the cause and filed the petition and brief for petitioner on review.

Dean Heiling, Roseburg, argued the cause for respondent on review. On the brief was Jack L. Banta, Roseburg.

Before Denecke, C. J.,** and Lent, Linde, Peterson, Tanzer and Campbell, JJ.

TANZER, J.

** Denecke, C. J., retired June 30, 1982.

### TANZER, J.

The state appeals an order suppressing evidence found in the execution of two search warrants.[1] The Court of Appeals, in banc, affirmed without opinion by an evenly divided court. The issue is whether an informant's credibility was established in a legally acceptable manner. We conclude that it was not.

The search warrant commanded the sheriff's office to search certain described property for marijuana and implements of cultivation. It was based upon an affidavit in which this was the allegation to establish probable cause.

"* * * [Y]esterday I talked to informant A and took A before the Judge to whom this affidavit is being brought so that the Judge could satisfy himself of A's credibility, that A told me that on August 17, 1980 about noon while looking for strayed livestock he came upon numerous plants growing at the location described on page one, which plants were being cultivated and were set out in a row along the edges of the clearing; and he saw plastic pipe laid out where the marijuana was growing; he further told me that at that time his companion identified the plants for him as marijuana; I showed him a marijuana plant in our office and he said it was the same as the plants he saw; A told me he was reporting this to me because marijuana is illegal and he hates people who sell marijuana to children."

Among the grounds stated in defendant's motion to suppress is:

"The search warrant affidavit * * * fails to state probable cause for issuance of the warrant in that it does not establish any substantial basis for crediting the hearsay of the unnamed informant * * *."

Preliminarily, it is necessary to sort out what is constitutional and what is statutory in order to address the statutory issues first. The Oregon code of criminal procedure specifies both the content of the information to be presented to the magistrate and the form in which that

---

[1] Evidence was seized pursuant to two search warrants. The second warrant issued based upon observations made during the execution of the search warrant in issue. Our decision regarding the first warrant is dispositive as to the second.

information is to be presented or recorded. ORS 133.545(1) and (2) provide that a search warrant may be issued by a judge upon application of a district attorney or police officer. Subsection (3) requires that applications be accompanied by affidavits which establish probable cause:

> "(3) The application * * * shall be supported by one or more affidavits particularly setting forth the facts and circumstances tending to show that such things are in the places, or in the possession of the individuals, to be searched. If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliability and shall disclose, as far as possible, the means by which the information was obtained."

An alternative or supplemental means of establishing probable cause is provided by ORS 133.555(1) which authorizes an issuing magistrate to hear and record the testimony of witnesses:

> "Before acting on the application, the judge may examine on oath the affiants, and the applicant and any witnesses he may produce, and may himself call such witnesses as he considers necessary to a decision. He shall make and keep a record of any testimony taken before him. The record shall be admissible as evidence on any motion to suppress."

Another subsection of ORS 133.545, not directly involved in this case, is nevertheless pertinent as it reflects the legislative design. ORS 133.545(4) provides:

> "Instead of the written affidavit described in subsection (3) of this section, the judge may take an oral statement under oath when circumstances exist making it impracticable for a district attorney or police officer to obtain a warrant in person. The oral statement shall be recorded and transcribed. The transcribed statement shall be considered to be an affidavit for the purposes of this section. In such cases, the recording of the sworn oral statement and the transcribed statement shall be certified by the judge receiving it and shall be retained as a part of the record of proceedings for the issuance of the warrant."

Each of these sections requires that the sworn information submitted to the magistrate be made in or reduced to recorded form.

The drafters of ORS 133.545 intended that the statutory requirement as to content of the allegations reflect the Fourth Amendment requirements as expressed in existing and foreseeable decisions of the United States Supreme Court. *See,* Commentary to Proposed Criminal Procedure Code at 73. Requirements as to the form of the information, however, are distinct from requirements as to its content. The United States Supreme Court has apparently never held that any particular form of sworn information is constitutionally required. 2 LaFave, Search and Seizure, § 4.3(b), p 45.[2] Professor LaFave states that those jurisdictions which require recordation of sworn information provided to the magistrate do so by rule or statute. The Commentary to the Proposed Code indicates no recognition of constitutional mandates as to the form in which the information must be presented. Therefore, at least for purposes of this case, we consider ORS 133.545(3) and 133.555(1) as presenting purely statutory requirements as to the form and recordation of probable cause allegations made in support of search warrants, free from any constitutional context.

We find little in the literature about the purpose of rules and statutes requiring recordation of information on oath submitted to the magistrate except that such rules and statutes exist. The apparent purposes for such statutory requirements are to facilitate subsequent review for the existence of probable cause and to avoid the possibility of justification for a search or an arrest based upon facts or evidence discovered in the course of the execution of the warrant. *See,* LaFave, *ibid.* 46-47. These considerations are particularly appropriate for the review of ex parte proceedings involving the valued personal right of privacy. They also serve to minimize the necessity of calling issuing magistrates or other witnesses at a later hearing to prove what can easily be documented. These purposes are implicit in ORS 133.545(3) and (4) and express in ORS 133.555(1), which concludes:

---

[2] LaFave notes dicta in *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964), indicating that the United States Supreme Court might not require recordation of the information provided to the magistrate. It has also been argued that although recordation has not been held to be a constitutional requirement, it should be. McGinley, *The "Four Corners" Requirement: A Constitutional Prerequisite to Search Warrant Validity,* 31 Okla L Rev 289 (1978).

"* * * The record shall be admissible as evidence on any motion to suppress."

■ .      Motions to suppress evidence are provided for by statute. Statutory grounds for a suppression include noncompliance with ORS 133.545 and 133.555.[3] Also, ORS 133.693 provides procedures whereby one who moves to suppress may "contest, by cross-examination or offering evidence, the good faith, accuracy and truthfulness of the affiant with respect to the evidence presented to establish probable cause for search or seizure." Thus the design of the code of criminal procedure is to enable a defendant to challenge by a motion to suppress evidence either the legal sufficiency or truthfulness of the sworn information upon which the magistrate acted. In doing so, he is entitled to the benefit of the statutory requirement that the information before the magistrate be presented or recorded in a form which will be available for review at a suppression hearing, usually before a different judge.

■ ■      Here, the challenge is to the legal sufficiency of the affidavit rather than to its truthfulness. To determine its sufficiency, we look within the four corners of the affidavit. The allegation

"That yesterday I * * * took A before the Judge to whom this affidavit is being brought so that the Judge could satisfy himself of A's credibility * * *"

does not, in the words of ORS 133.545(3), "set forth facts bearing on any unnamed informant's reliability." That statutory phrase refers to facts from which a magistrate, looking only to the allegations of the affidavit, can make a determination regarding credibility. The informational content of this allegation provides no basis for a magisterial determination of probable cause. In form, it is insufficient to enable a reviewing court to determine whether a factual basis existed for a magisterial determination of the credibility of the informant.

---

[3] ORS 133.673(1) provides:

"Objections to use in evidence of things seized in violation of any of the provisions of ORS 133.525 to 133.703 shall be made by a motion to suppress which shall be heard and determined by any department of the trial court in advance of trial."

■ ■ The allegation merely describes (incompletely) an event at which credibility might have been assessed. If an event in the presence of a magistrate is to be considered by that magistrate and preserved for subsequent judicial review, then it must be submitted and preserved in a form prescribed by statute. For example, if the judge had examined the informant as a witness, he would have been required by ORS 133.555(1) to "make and keep a record of any testimony taken before him" which would "be admissible as evidence on any motion to suppress." Such a record would supplement the affidavit and together they could be reviewed for the existence of probable cause. Here, however, there is no such record and the affidavit stands alone. The unrecorded event before the magistrate provides no cognizable basis from which to review a determination of the credibility of the informant.

Because the validity of the search warrant is challenged and because the documentary basis for the warrant is insufficient to comply with the requirements of ORS 133.545(3), we conclude that there is not adequate cognizable evidence for a conclusion that issuance of the search warrant was based upon the existence of sufficient allegations to establish probable cause.

The state asserts under ORS 133.703 that there is no statutory basis for suppression. That statute provides:

"(1) In any proceeding on a motion to suppress evidence wherein, pursuant to ORS 133.693, the good faith of the testimony presented to establish probable cause is contested, and wherein such testimony includes a report of information furnished by an informant whose identity is not disclosed in the testimony, the moving party shall be entitled to prevail on the motion to suppress and *evidence obtained as a result of the information furnished by the informant shall be suppressed unless:*

"(a) The evidence sought to be suppressed was seized by authority of a search warrant and *the informant testified in person before the issuing authority;* or

"(b) The judge determines from the affiant by a preponderance of the evidence that such confidential informant exists and is reliable.

"(2) If the defendant is entitled to prevail on the motion to suppress under subsection (1) of this section, the

evidence obtained as a result of the information furnished by the informant shall be suppressed." (Our emphasis.)

Particularly, the state argues that there should be no suppression because here "the informant testified in person before the issuing authority."

■ ■ There are several flaws to the state's argument. First, because this is not a suppression proceeding contesting the good faith of the probable cause testimony, ORS 133.703 does not apply. Second, the affidavit does not disclose that the informant testified before the magistrate. It alleges only that the informant was taken before the judge. Therefore, the affidavit does not establish grounds for the exception created by subsection (1)(a). Another flaw is that the testimony referred to in ORS 133.703(1)(a) is required by ORS 133.555(1) to have been the subject of a record made by the magistrate and admissible at the suppression hearing. ORS 133.555(1) was not complied with and thus, even if the informant did testify before the magistrate, it was not in a form which is cognizable at the suppression hearing.

The state's reliance on ORS 133.703 reflects an error in approach. The point of this case is not whether an exclusionary rule applies. Rather, it is a review for compliance with statutory requisites for the form of evidence presented to or recorded by the issuing magistrate for cognizance at a subsequent suppression hearing. We do not necessarily exclude the possibility of permissible alternative forms of substantial compliance with the statutes, particularly those which may evolve in an era of burgeoning technology, but no such issue is presented in this case. Here, the informational basis of the issuing magistrate's action was neither presented nor recorded in a form sufficient to satisfy the requirements or the purposes of the code. Thus, the order of suppression was correct.

The Court of Appeals is affirmed.