Argued and submitted October 24, 1983, reversed and
remanded for trial January 11, reconsideration denied February 24,
petition for review denied March 20, 1984 (296 Or 638) .

# STATE OF OREGON,
*Appellant,*

*v.*

# RAYMOND LEE HORWEDEL,
*Respondent.*

## (C 82-05-35394; CA A27329)

674 P2d 623

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

David W. Groom, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant was indicted for five counts of possession of a controlled substance. The state appeals a pretrial order suppressing evidence seized pursuant to a search warrant. The trial court found that the supporting affidavit failed to establish probable cause that the controlled substance would be on the premises as alleged. Defendant also argues that the information in the affidavit was "stale."

Under ORS 133.545(3) an application for a search warrant must be supported by

> "* * * one or more affidavits particularly setting forth the facts and circumstances tending to show that such things are in the places, or in the possession of the individuals, to be searched. If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliabiity and shall disclose, as far as possible the means by which the information was obtained."

Although defendant concedes that his motion to suppress was based on federal constitutional rather than statutory grounds, we start with the statute in order to determine whether the court's ruling may be upheld on any ground. As the Supreme Court stated in *State v. Russell,* 293 Or 469, 473, 650 P2d 79 (1982):

> "The drafters of ORS 133.545 intended that the statutory requirement as to content of the allegations reflect the Fourth Amendment requirements as expressed in existing and foreseeable decisions of the United States Supreme Court. *See,* Commentary to Proposed Criminal Procedure Code at 73. * * *"

When the statute was adopted, the constitutional sufficiency of an affidavit relying on statements of an unnamed informant was evaluated under the "two-pronged test" courts had extracted from *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964), and *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969). That test requires that the affidavit supporting a search warrant demonstrate an unnamed informant's veracity and basis of knowledge; "veracity" can be demonstrated either by a showing of credibility or of reliability. *See, e.g., State v. Montigue,* 288 Or 359, 362, 605 P2d 656, *cert den* 449 US 846 (1980). The United

States Supreme Court has recently rejected the strict requirements of the "two-pronged test" and has adopted instead a less restrictive "totality of the circumstances" test. *Illinois v. Gates,* 462 US 213, 103 S Ct 2317, 76 L Ed 2d 527 (1983). However, as defendant points out, the Oregon statute remains in force; thus we consider its application. A warrant sufficient under the statute will satisfy the now less restrictive federal constitutional standard. There are few, if any, cases considering the reliability of an informant under the statute alone. Cases applying the previous constitutional standard are relevant in construing the statute.

The affidavit was submitted by a Multnomah County Deputy Sheriff assigned to the Narcotics Detail. She stated that she had been contacted by an unnamed informant, who described a certain residence and stated that while there the informant had seen a person of a certain description and opium "of a quantity that would denote more than simple personal use." The affiant went on to state:

"I know the said informant to be familiar with narcotics and dangerous drugs because:

"1. Said informant has been in the drug culture for approximately ten (10) years, and has witnessed the sale and use of numerous narcotic drugs on hundreds of occasions. The said informant is completely familiar with the appearance of most illicit drugs.

"2. The affiant and other police officers of this unit have had conversations with the informant on numerous occasions and are satisfied with the said informant's expertise regarding drugs;

"I know the said informant to be reliable because:

"1. The said informant has voluntarily provided affiant and other police officers with marijuana, heroin, and methamphetamines which have been analyzed by the State Crime Lab, and found to be as represented by the informant.

"2. The informant has provided affiant with information regarding users and sellers of marijuana, heroin, and other dangerous drugs, which I know from my experience to be true, but which the informant could not and did not know I knew.

"3. Information received from the informant has never in any instance proved to be exaggerated, fabricated, or anything other than what the informant indicated upon complete verification by police officers.

"4.   Information from the informant has resulted in the execution of three Search Warrants and seizure of narcotics on all three occasions;

"* * * * *."

The affiant added that she had confirmed that the residence was as the informant described, that a telephone number given by the informant as defendant's corresponded to that address and other matters associated defendant with the address.

■       Defendant argues that the affidavit does not provide probable cause to believe there was opium on the premises, because it provides no specific information as to the informant's familiarity with the appearance of opium. Defendant's contention is that the affidavit does not demonstrate the informant's "reliability" as required by ORS 133.545(3). We find the affidavit sufficient. It is not necessary that an affiant describe the informant's familiarity with the specific drug at issue. *See State v. Mellinger,* 52 Or App 21, 627 P2d 897 (1981). As the court said in *United States v. Shipstead,* 433 F2d 368, 372 (9th Cir 1970):

"The suggestion that a search warrant affidavit must allege how the informant knew the drug was methamphetamine is hypercritical and falls before the *Ventresca* admonitions (United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965)) that such affidavits 'must be tested * * * in a common sense and realistic fashion' and '[T]echnical requirements of elaborate specificity * * * have no proper place in this area.' "

■       The facts supplied regarding the informant's knowledge of controlled substances and his proven reliability in providing information leading to arrests regarding a variety of controlled substances provided sufficient information for a judge to conclude that the informant was reliable and that his information was credible. *See State v. Mellinger, supra.*

■       In support of the trial court's ruling defendant also argues that the information in the affidavit was "stale." The affiant stated that "[w]ithin the last twenty-four (24) hours I was contacted by a confidential reliable informant who stated that within the last thirty-six (36) hours" he had been on defendant's premises. The lapse of time which will render the information stale depends on the facts of each case. *See, e.g.,*

*State v. Koppenhafer,* 59 Or App 213, 650 P2d 981, *rev den* 294 Or 149 (1982). The amount of a controlled substance observed affects the likelihood that some will be found there later. *State v. Kittredge/Anderson,* 36 Or App 603, 606, 585 P2d 423 (1978). Defendant contends that the informant's statement that he had seen "opium of a quantity that would denote more than simple personal use" is not an objective fact which would apprise the magistrate whether any opium would be likely to be present thirty-six hours later. Defendant cites *Kittredge/ Anderson,* in which the information that the controlled substance had been seen "within 96 hours" was stale because there was no additional information regarding such factors as quantity to indicate that it would still be there when a warrant was issued. *Kittredge/Anderson* was followed by *State v. Scheer,* 49 Or App 937, 941, 620 P2d 973 (1980), in which we stated:

> "* * * The phrase, 'a quantity of green vegetable material,' is simply insufficient, without other information, to justify a magistrate in believing that any quantity will be found by the time the search warrant is issued. We do not mean to suggest that it is necessary for the informant to describe the particular quantity involved. We do suggest, however, that *something* must be said, in addition to the description, 'a quantity,' to suggest that either the amount in question is sufficiently large so that it will not be immediately consumed, or that the parties present are not likely to consume it, or that the item sought is not consumable, or the like. * * *" (Emphasis in original.)

Although it is true that the informant's statement here represented his own conclusion, it is sufficient to satisfy the requirement stated in *Scheer.*

We conclude that the affidavit satisfied constitutional standards and those of ORS 133.545(3) and established probable cause that opium would be on the premises. The trial court erred in granting the motion to suppress.

Reversed and remanded for trial.