Argued and submitted January 28, reversed and remanded May 22, reconsideration denied July 5, petition for review denied July 23, 1985 (299 Or 522)

STATE OF OREGON,
*Appellant,*

*v.*

DELMAR GENE MIDDLETON, SR., and
DELMAR GENE MIDDLETON, JR.,
*Respondents.*

(14006; CA A31871)

700 P2d 309

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

David E. Groom, Deputy Public Defender, Salem, argued the cause for respondents. With him on the brief was Gary D. Babcock, Public Defender.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Pursuant to ORS 138.060(3), the state appeals a pretrial order suppressing marijuana and related paraphernalia seized under a search warrant. The affidavit in support of the warrant was based primarily on information provided by four unnamed informants. The issue is whether that affidavit established probable cause to believe that the items seized would be found in defendant Middleton, Jr.'s house. We reverse and remand.

The issuance of search warrants is governed by ORS 133.545. Under subsection (3) of the statute, an application for a search warrant must be supported by

> "* * * one or more affidavits particularly setting forth the facts and circumstances tending to show that such things are in the places, or in the possession of the individuals, to be searched. If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliability and shall disclose, as far as possible, the means by which the information was obtained."

We discussed that statute in *State v. Horwedel,* 66 Or App 400, 402-403, 674 P2d 623, *rev den* 296 Or 638 (1984):

> "* * * As the Supreme Court stated in *State v. Russell,* 293 Or 469, 473, 650 P2d 79 (1982):
>
>> " 'The drafters of ORS 133.545 intended that the statutory requirement as to content of the allegations reflect the Fourth Amendment requirements as expressed in existing and foreseeable decisions of the United States Supreme Court. *See,* Commentary to Proposed Criminal Procedure Code at 73. * * *'
>
> "When the statute was adopted, the constitutional sufficiency of an affidavit relying on statements of an unnamed informant was evaluated under the 'two-pronged test' courts had extracted from *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964), and *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969). That test requires that the affidavit supporting a search warrant demonstrate an unnamed informant's veracity and basis of knowledge; 'veracity' can be demonstrated either by a showing of credibility or of reliability. *See, e.g., State v. Montigue,* 288 Or 359, 362, 605 P2d 656, *cert den* 449 US 846 (1980). The United States Supreme Court has recently rejected the strict requirements of the 'two-pronged test' and has adopted instead a less

restrictive 'totality of the circumstances' test. *Illinois v. Gates,* 462 US 213, 103 S Ct 2317, 76 L Ed 2d 527 (1983). However, as defendant points out, the Oregon statute remains in force; thus we consider its application. A warrant sufficient under the statute will satisfy the now less restrictive federal constitutional standard. There are few, if any, cases considering reliability of an informant under the statute alone. Cases applying the previous constitutional standard are relevant in construing the statute."

The affidavit in this case was submitted by a police officer. The state concedes that the information provided to the affiant by three of the unnamed informants is insufficient to establish probable cause, because the reliability and basis of knowledge of those informants or of those providing that information to them was not established. That information tended to show that defendant Middleton, Sr., was bringing marijuana from California to defendant Middleton, Jr., for distribution in the Prineville area and that marijuana had recently been purchased at the latter's residence. The state argues, however, that the information provided by a fourth informant was sufficient to establish probable cause:

"7)   That within the past 24 hours, an unnamed person was used by me to go to the above described residence for the purpose of attempting to purchase a quantity of marijuana. Utilizing 'controlled buy' techniques, I gave this person United States currency after recording the serial numbers of the bills. I then followed this person to the above described residence and watched him enter. Shortly afterwards, this person returned to my location and handed me a quantity of marijuana, which he indicated was purchased with the buy money. At this time, this person advised me that he was told by the occupants of the residence that a large quantity of marijuana was still at the residence."

In granting defendants' motions to suppress, the trial court found that the reliability of the first three informants had not been established and that, because their statements tended to show only that marijuana would be delivered in the future, one could not reasonably infer that such marijuana would presently be found at defendant Middleton, Jr.'s home. With respect to the above-quoted paragraph, it found that there was no guarantee that the occupants who said that a large quantity of marijuana remained in the residence were reliable. Second, it found that, because the informant had not

actually seen that marijuana, the term "large quantity" was insufficient to establish probable cause that such marijuana would be on the premises when the warrant was executed.

■     The trial court erred in granting defendants' motions. The fourth informant's cooperation in the "controlled buy" was persuasive evidence of his reliability. *State v. Spicer,* 254 Or 68, 456 P2d 965 (1969); *State v. Nehl,* 19 Or App 586, 587, 528 P2d 553 (1974), *rev den* (1975); *State v. Hayward and Hayward,* 18 Or App 128, 131, 523 P2d 1278 (1974); *State v. Kook,* 14 Or App 594, 595, 513 P2d 1189, *rev den* (1973); *State v. Thacker,* 9 Or App 250, 254, 496 P2d 729 (1972); *State v. Evans,* 1 Or App 489, 493-94, 463 P2d 378, *rev den* (1970). The basis of the informant's knowledge was his firsthand participation in the "controlled buy." Thus, the statutory requirements for crediting the informant's statements were established.

■     The informant stated that the occupants of the residence told him that a large quantity of marijuana was in the house. The trial court questioned the reliability of the occupants. However, the occupants' statements were against their penal interest and therefore should be deemed reliable. As the court stated in *United States v. Gavic,* 520 F2d 1346, 1351 (8th Cir 1975), a statement by an occupant that there is a controlled substance on the premises is sufficiently adverse to his penal interest to create an inference of reliability. *See State v. Carlile,* 290 Or 161, 619 P2d 1280 (1980). From the occupants' statements that a "large quantity" of marijuana remained, one could reasonably infer that, only 24 hours later, some of it would still be there. *Compare State v. Horwedel, supra* (informant's statement that he had seen "opium of a quantity that would denote more than simple personal use" was sufficient to establish that it would probably still be there 36 hours later), *with State v. Scheer,* 49 Or App 937, 620 P2d 973 (1980) (affidavit which stated that informant had observed "a quantity of green vegetable material" that he identified as marijuana was insufficient to justify the belief that it would be there at a later time). It is also reasonable to infer that, because the occupants sold marijuana to the informant, they would continue to make such sales in the immediate future.

The information satisfied the requirements of ORS

133.545(3) and provided probable cause to believe that marijuana would be found at defendant Middleton, Jr.'s residence. We need not consider the other information in the affidavit.

Reversed and remanded.