Argued and submitted March 20, reversed and remanded for new trial May 22, 1985

## STATE OF OREGON,
*Respondent,*

*v.*

## LAWRENCE KENNETH SMITH, JR.,
*Appellant.*

(10-84-01540; CA A33013)

700 P2d 311

Helen I. Bloch, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant appeals his conviction for first degree theft. We reverse, because the trial court erred in denying defendant's motion to suppress evidence seized pursuant to an invalid search warrant.

The affidavit supporting the search warrant was based on information supplied by an unnamed informant. ORS 133.545(3) provides in pertinent part:

> "If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliability and shall disclose, as far as possible, the means by which the information was obtained."

The state concedes that the affidavit in question provides no information bearing on the unnamed informant's reliability or the means by which the informant obtained his information. The state argues that ORS 133.545(3) was intended to incorporate the Fourth Amendment constitutional requirements set forth in *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964), and *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969), and that, because the U. S. Supreme Court has recently adopted a less restrictive "totality of the circumstances" test for judging the reliability of unnamed informants, the *Aguilar-Spinelli* test as incorporated in ORS 133.545 is no longer the law.

The *Aguilar-Spinelli* "two-pronged" test is no longer required to satisfy Fourth Amendment standards. *See Illinois v. Gates,* ___ US ___, 103 S Ct 2317, 76 L Ed 2d 527 (1983). However, ORS 133.545(3) remains in force and must be applied as written. *State v. Horwedel,* 66 Or App 400, 402-403, 674 P2d 623 (1984); *see also State v. Middleton,* 73 Or App 592, 700 P2d 309 (1985). Because the affidavit fails to meet the statutory requirements, the search warrant is invalid, and the evidence seized pursuant to the warrant must be suppressed. ORS 133.673.[1] We need not consider the state's argument

---

[1] ORS 133.673(1) provides:

"Objections to use in evidence of things seized in violation of any of the provisions of ORS 133.525 to 133.703 shall be made by a motion to suppress which shall be heard and determined by any department of the trial court in advance of trial."

concerning the standard for probable cause under the state constitution. *See State v. Harp,* 299 Or 1, 697 P2d 548 (1985).

Reversed and remanded for a new trial.