Argued and submitted November 19, 1984, reversed and remanded June 5, reconsideration denied August 23, petition for review denied October 1, 1985 (300 Or 112)

## STATE OF OREGON,
*Appellant,*

*v.*

## LARRY ALVIN SOUDERS,
*Respondent.*

(30603, 30604, 30605, 30606;
CA A31660 (control))

## STATE OF OREGON,
*Appellant,*

*v.*

## ROSENNA MAE BRISSETT,
*Respondent.*

(30607, 30608; CA A31661)

700 P2d 1050

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Robert E. Barton, Assistant Attorney General, Salem.

D. Lawrence Olstad, Portland, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

The state appeals a pretrial order that granted each defendant's motion to suppress evidence that the police seized pursuant to two search warrants. ORS 138.060(3). The first warrant authorized the police to search for a concealable weapon in Souders' residence. Both defendants lived there. During execution of the first warrant, the officers seized a concealable weapon and discovered evidence of methamphetamine manufacture in the house. The officers obtained a second search warrant under which they seized both methamphetamines and heroin.

Souders was charged with being an ex-convict in possession of a firearm, ORS 166.270, and possession of a controlled substance. ORS 475.992(4). Brissett was charged with two counts of possession of a controlled substance. ORS 475.992(4). Defendants filed identical motions to suppress "any and all evidence, of whatever kind or nature, which the state intends to offer as a basis for the conviction sought herein." The court granted the motions on the ground that the affidavit supporting the first search warrant did not state facts constituting probable cause to search. The cases were consolidated on appeal. We reverse and remand.

The parties apparently agree that suppression of the evidence seized under the second search warrant depends on the sufficiency of the affidavit dated September 26, 1983, supporting the first. It states:

"I, the undersigned, upon my oath do hereby depose and say, that my name is Steve J. Larsen, and that I am a police officer for the City of Portland Police Bureau and have been so employed for the previous four (4) years, and currently assigned to the Narcotics Detail.

"That on September 26, 1983, I was in contact with a confidential and reliable informant, who I know to be reliable for the following listed reasons:

"1. That I personally displayed to the informant, three (3) different types and sizes of concealable weapons and that the informant was able to identify each concealable weapon by type and size.

"2. That the informant has related a great deal of information about weapons, concealable and non-concealable, size

and type that the informant has possessed, seen, or read about in magazines.

"That on September 26, 1983, I was in contact with my confidential and reliable informant who stated that within the previous forty-eight (48) hours the confidential and reliable informant observed Larry Soiuders *[sic]* possess a concealable automatic pistol, while inside Larry Souders['] residence at Rt. 2 Box 928 Rainier. Larry Souders was not observed to have left the residence and the concealable pistol was not observed to have left the residence.

"On August 12, 1983 Sgt. May who has been a police officer for the Portland Police Bureau for the previous twelve (12) years and a narcotics Sgt. for two (2) years, was in contact with my confidential, reliable informant who stated that within the past forty-eight (48) hours the confidential and reliable informant had observed Larry Souders to possess a concealable firearm and that Larry Souders took the concealable firearm into his residence, and the confidential and reliable informant did not observe the weapon leave the residence.

"That approximately two (2) months previously a person by the name of Jeff Winans, reported to the Columbia County Sheriffs office that he had entered the property of Larry Souders, where a dog had attempted to bite him, where he, in self-defense, kicked the dog, at which time Larry Souders exited his house and directed Jeff Winans to leave his property. During this time, Larry Souders was in possession of a concealable handgun.

"That a check of the criminal history for Larry Alvin Souders, 03/20/34, shows that on February, 1951, Larry Souders was convicted of burglary, and that on March 1952 he was convicted of rape, and strong-arm, and on January 1953 he was convicted of dangerous drugs. The burglary and rape are felonies.

"That the confidential and reliable informant personally showed Officer Larsen and Officer Jensen the residence that Larry Souders entered while in possession of a concealable weapon. The confidential reliable informant described the house as a two-story woodframed house, white in color with a green roof.

"That Officer Larsen and Officer Jensen have personally observed Larry Souders enter the same house that the confidential and reliable informant had shown officers previously. The residence is a two-story, woodframed residence, white in

color with a green roof, with a white fence around the front yard portion, next to Nicolai Rd. with the numbers 928 in a dark color affixed to the fence, with a white door facing north. The residence is west on Nicolai road, approx. 3.85 miles from north on Hwy 30.

"That Officer Jensen has been a police officer for the Portland Police Bureau for the previous six (6) years and currently assigned to the Narcotics Detail.

"That I have probable cause to believe that Larry Souders is in violation [of] ex-con in possession of a weapon.

"Officer Jensen and I have observed two dogs at Larry Souders residence. These dogs bark, growl, and show their teeth when visitors approach the house. And because Larry Souders is armed with a deadly weapon, I request that an after 10:00 p.m. warrant be issued for officers safety."

The trial court found that the affidavit was insufficient. It stated:

" 'Recitation of reliable information supplied in the past.' That doesn't — you know, you see that lots of times. I've used this confidential informant 16 times and we've made 15 arrests, and of those 15 arrests there have been 13 convictions and two cases are still pending. You see that lots and lots.

"* * * * *

"He's reliable because he can identify guns. In other words, if he saw Mr. Souders with a gun it was a gun and not a slingshot, it was a gun and not a bottle of pop, it was a gun and not a hair dryer, a blow dryer, it was a gun and wasn't a pitch fork, you know. He's reliable in that regard. The basis for his information is his personal observation. There [sic] were made within 48 hours and I think the time span is within limits.

"* * * * *

"If we're talking about his possessing less than an ounce of marijuana, 48 hours is probably too long. But in this case I find that it's not too long. But I don't see anything in here that would lead me to believe that whoever this informant might be had ever done anything that would indicate, number one, to the affiant that he is believable, and number two, to Judge Smith that he was believable.

"I appreciate what Jeff Winans said. It seems to corroborate what the informant said about possession of the gun, but the last sentence in that paragraph, which is five, sayd [sic],

'During this time Larry Souders was in possession of a concealable handgun.' But it doesn't say that Jeff Winans knows that. It doesn't even hint that Jeff Winans knows that.

"\* \* \* \* \*

"THE COURT: Well, I guess you get paid for making decisions and this is a hard one to make. Motion's granted."

The state argues that the trial court "misconstrued and misapplied the standards applicable in assessing the sufficiency of a search warrant affidavit" in ORS 133.545(3),[1] Oregon Constitution Article I, section 9, and the Fourth Amendment.

■     As the Supreme Court has stated:

"The drafters of ORS 133.545 intended that the statutory requirement as to content of the allegations reflect the Fourth Amendment requirements as expressed in existing and foreseeable decisions of the United States Supreme Court. *See* Commentary to Proposed Criminal Procedure Code at 73." *State v. Russell,* 293 Or 469, 473, 650 P2d 79 (1982).

The Fourth Amendment requirements at the time the legislature adopted ORS 133.545 had been described in *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964), and *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969). *See also State v. Middleton,* 73 Or App 592, 700 P2d 309 (1985); *State v. Smith,* 73 Or App 800, 700 P2d 311 (1985); *State v. Horwedel,* 66 Or App 400, 402-03, 674 P2d 623, *rev den* 296 Or 638 (1984). The Oregon Supreme Court has restated the *Aguilar/Spinelli* test

"as requiring that such affidavits set forth: (1) the basis of the informant's knowledge, and (2) facts showing the informant's 'veracity,' *i.e.,* that he is credible or that his information is reliable." *State v. Villagran,* 294 Or 404, 409 n 3, 657 P2d 1223 (1983).

That is also the standard under Article I, section 9, of the Oregon Constitution. *See State v. Carlile,* 290 Or 161, 619 P2d 1280 (1980).

---

[1] ORS 133.545(3) provides, with respect to affidavits in support of search warrants:

"If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliability and shall disclose, as far as possible, the means by which the information was obtained."

Here, the affidavit satisfies the "basis of knowledge" requirement or, as ORS 133.545(3) states, the affidavit set out facts bearing on "the means by which the information was obtained." The magistrate could reasonably have concluded from the affidavit both that the named informant had been at the defendant's house at the time he claimed to have seen such a weapon and that he could accurately identify a concealable weapon. The trial court concluded, however, that the affidavit did not meet the other requirement: that it "set forth facts bearing on an unnamed informant's reliability * * *." ORS 133.545.(3).

We disagree. Corroboration, either by police investigation or by co-informants, can establish an unnamed informant's reliability. *See State v. Hasselback,* 55 Or App 281, 286, 637 P2d 1316 (1981), *rev den* 292 Or 825 (1982). The affidavit states that Jeff Winans had seen defendant step out of his house with a concealable handgun two months earlier; that the police verified Winans' description of the dogs; that the police verified the unnamed informant's description of defendants' house; and that the unnamed informant reported to the police on two occasions that Souders had a concealable handgun in his possession. The trial court stated, however, that the affidavit "doesn't say that Jeff Winans knows" that Souders possessed a concealable handgun. A reasonable interpretation, however, of the statement that defendant "was in possession of a concealable handgun" during the time Winans was in the yard is that Winans saw it in Souders' possession. We conclude that the report corroborates the report of the unnamed informant that Souders did possess a concealable handgun. *See State v. Diaz,* 29 Or App 523, 564 P2d 1066 (1977); *State v. Hasselback, supra,* 55 Or App at 286.

Neither ORS 133.545(3) nor Article I, section 9 requires suppression of evidence seized under the first search warrant. Neither does the Fourth Amendment to the United States Constitution. The Supreme Court has recently modified the *Aguilar/Spinelli* test for federal constitutional purposes. *Illinois v. Gates,* 462 US 213, 103 S Ct 2317, 76 L Ed 2d 527 (1983), applies the test of the "totality of circumstances." The report that Souders had a concealable handgun in his home, received twice from an unnamed informant and once from a named informant, together with the other information in the affidavit, provides probable cause under the Fourth

Amendment, to believe that a concealable weapon was in defendant's possession in the residence at the time the warrant was issued. The two-month interval between the reports from the named and the unnamed informants does not reduce that probability. Indeed, it may increase it: if Souders had possession of a concealable weapon at times at least two months apart, the last one being just 48 hours before the last sighting by the unnamed informant, a reasonable inference is that he still had the concealable weapon in his possession when the search warrant issued.

Reversed and remanded as to defendant Souders in case no. CA A31660; reversed and remanded as to defendant Brissett in case no. CA A31661.