## STATE OF OREGON,
*Respondent,*

*v.*

## JOSEPH DEAN KOCK,
*Appellant.*

## (84-03-3411-C; CA A31589)

703 P2d 267

Thomas J. Crabtree, Bend, argued the cause for appellant. With him on the brief was Crabtree & Rahmsdorff, P.C., Bend.

Brenda J Peterson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

WARDEN, J.

Newman, J., dissenting.

**WARDEN, J.**

Defendant appeals his conviction for theft of a package of diapers from his employer's store. ORS 164.045. He assigns as error the trial court's denial of his motion to suppress both the package and his incriminating statement to the police following his arrest. He asserts that the police lacked probable cause and practical necessity to conduct a warrantless search of his car or to seize the package, that they lacked probable cause to arrest him and that the search of his car and seizure of the package were not reasonably incident to a valid arrest. He argues that the illegal search and seizure, and his illegal arrest, tainted his subsequent statement to the police. The state asserts that the search of the car and seizure of the package were incident to a valid arrest. The court ruled that probable cause and practical necessity supported both the warrantless search of the car and the seizure of the package, that the arrest was valid and that defendant's statement was not tainted and denied the motion to suppress. We affirm.

The historical facts are not disputed.[1] Commencing at about 3:30 a.m. on February 8, 1984, two police officers watched the parking lot and entry area of the store where defendant worked. They were in a police van parked in the lot, 20 to 25 feet from where defendant's car was parked. The store manager had told the police before the surveillance that defendant did not have permission to take merchandise from the store.

Defendant normally worked in the store between 4 a.m. and 6:30 a.m., during which hours it was not open for business. The officers saw him come to work and enter the store between 3:30 and 4 a.m. He did not take anything into the store with him. At 5:42 a.m., they saw him leave the store, pushing a floor washing machine, with a two-foot-long brown box, covered by a newspaper, on top of it. Defendant parked the machine by the loading dock, took the box to the car, removed a package from the box and put the package in the car. Officer Hartley testified that he observed defendant's actions from the police van, that he saw the interior light of the car go on when defendant opened the door and that the

---

[1] We summarize the facts from the evidence taken in the hearing on defendant's motion to suppress.

package appeared to be store merchandise, but that he could not identify writing on the package or its contents. Defendant placed the package behind the front seat on the passenger side and partially covered it with a pair of pants. After smoking a cigarette, defendant returned to the store, taking with him the washing machine, the brown box and the newspaper.

The officers immediately approached the car and saw the package through the window. They still could not identify its contents. They opened the door, seized the package and discovered that it contained diapers. The officers then called for police assistance and, when it arrived a few minutes later, they entered the store and arrested defendant without a warrant.

██ The state seeks to justify the search of defendant's car and the seizure of the package of diapers as incident to a valid warrantless arrest. ORS 133.310(1)(a). "Probable cause" means that there is "a substantial objective basis for believing that more likely than not an offense has been committed and a person to be arrested has committed it." ORS 131.005(11). Here, the facts gave the police probable cause to arrest defendant before they had seized the package. Defendant had entered the store at around 3:30 a.m. without the package. He emerged at 5:42 a.m. with the package inside a brown box covered by a newspaper. He placed the package inside his car and partially covered it with a pair of trousers. The package appeared to be store merchandise. The police knew that defendant did not have permission to remove merchandise. Those facts provide a substantial objective basis to believe that more likely than not a theft had been committed by defendant. Moreover, because defendant had committed at least a class A misdemeanor in the officers' presence, the warrantless arrest was valid. ORS 133.310.

█ The search, although it preceded the formal arrest of defendant, was virtually contemporaneous with the arrest. Both occurred within a few minutes. That the search preceded the arrest is of no moment. *State v. Elk,* 249 Or 614, 439 P2d 1011 (1968); *State v. Flores,* 68 Or App 617, 685 P2d 999, *rev den* 298 Or 151 (1984). The search was close to the arrest in both time and space; its intensity was commensurate with the crime and what was known of defendant; and there is no question but that the arrest and the search were causally

related. The search was, therefore, valid. *State v. Caraher,* 293 Or 471, 653 P2d 942 (1982); *State v. Chinn,* 231 Or 259, 373 P2d 392 (1962); *State v. Fesler,* 68 Or App 609, 685 P2d 1014, *rev den* 297 Or 547 (1984).[2]

■    We next consider the admissibility of defendant's admission made at the time of his arrest. Immediately after the police entered the store and told defendant that he was under arrest, defendant said, "If it's about the diapers I'm going to pay for them tomorrow." The police had probable cause to arrest defendant for theft. The warrantless arrest, following the search and seizure, was legal. Defendant made the statement voluntarily. It was not prompted by police interrogation. Under the circumstances here, we find that the statement was admissible.

Affirmed.

**NEWMAN, J.,** dissenting.

Although I agree with the majority that the arrest of defendant was valid and that his statement to the police at the time of his arrest was admissible, the preceding search of defendant's car was not valid and the package should have been suppressed. The police had probable cause to search defendant's car and the package, but there was no practical necessity to do so without a warrant.[1] The search also was not incident to the later arrest.

The majority holds that the search and seizure were incident to defendant's arrest. It is true that if the police had probable cause to arrest defendant at the time of a search— and without the benefit of what the search disclosed—then the search may, if reasonable, be valid as incident to the arrest, even though the search preceded that arrest. *See State*

---

[2] Although defendant cites the Fourth Amendment to the United States Constitution, his argument contains only Oregon cases construing the Oregon Constitution. He points out no independent violation of the Fourth Amendment, and we find none.

[1] The trial court concluded that there was a practical necessity, but we are not bound by the court's constitutional conclusions. On appeal, the state does not assert that there was a practical necessity. That a car was involved did not by itself create an exigency. *State v. Kirsch,* 69 Or App 418, 421, 686 P2d 446, *rev den* 298 Or 151 (1984). Indeed, Hartley testified that, at the time the police seized the package from the car, he was not "worried about [defendant's] car going anywhere" and that the officers controlled the car. Defendant was inside the store and was expected to work there until 6:30 a.m., approximately 40 minutes after the time the police seized the package.

*v. Chinn,* 231 Or 259, 373 P2d 392 (1962). Although the search here was not necessary to protect the safety of the officers or to prevent the destruction of evidence, it could still have been incident to the arrest if it was related to the crime for which defendant was arrested and if it was reasonable under all the circumstances. *State v. Chinn, supra.*

The exception to the warrant requirement for a search incident to an arrest contemplates that the act of arrest justifies the warrantless search. If the search precedes the arrest, the later arrest may not be used as a pretext to justify after the fact an otherwise illegal warrantless search. *See State v. Chinn, supra,* 231 Or at 266-67.

The majority holds that the arrest of defendant inside the store some distance from the car, initiated after completion of the search of the car, renders the otherwise illegal search reasonable. Even though factors in assessing reasonableness are the relationship of the search to the arrest in time, place, and intensity, *State v. Caraher,* 293 Or 741, 653 P2d 942 (1982), the state must also establish the primacy of the arrest to justify the warrantless preceding search as "incident" to it. The critical factors in determining if a preceding warrantless search is reasonable are whether the police had gone to the area to search or to arrest, and whether the arrest and search have become intertwined in the flow of events and the arrest follows closely upon the search. *See State v. Chinn, supra; State v. Hoover,* 219 Or 288, 302-06, 347 P2d 69 (1959); *State v. Duffy,* 135 Or 290, 295 P 953 (1931); *State v. McDaniel,* 115 Or 187, 231 P 965, 237 P 373 (1925).[2]

---

[2]In *State v. Elk,* 249 Or 614, 439 P2d 1101 (1968), the search was justified by probable cause and practical necessity rather than as incident to an arrest.

"[A] search based on probable cause and practical necessity applies to situations such as that in *State v. Elk * * *,* in which the officers found a deserted car in circumstances which gave them probable cause to believe that it contained stolen property. There was no one to arrest, but there were grounds for the search.[8]

---

"8. The concurring opinions of Judges O'Connell and Denecke in *State v. Elk, supra,* 249 Or at 624 (O'Connell, J., specially concurring), 249 Or at 625 (Denecke, J., specially concurring), which together had the support of a majority of the court, would base affirmance on this ground and constitute the holding of the court, rather than the putative majority opinion, which relies on a search incident to a later arrest." *State v. Flores,* 68 Or App 617, 636, 685 P2d 999, *rev den* 298 Or 151 (1984). (Citations omitted.)

Here, the police did not go to the car to arrest defendant, who they knew was inside the store. They went to search the car. Moreover, the search and the act of arrest were not intertwined in the flow of events but were separate events each within the control of the police. The police initiated the arrest only after they had completed the search of the car and seized the package—when they called for assistance to make the arrest. They arrested defendant inside the store, some distance from the car. The search, therefore, was not reasonable as incident to the later arrest. The package should have been suppressed.

Richardson, J., joins in this dissent.