Argued and submitted April 25, reversed and remanded December 4, 1986, reconsideration denied January 16, petition for review denied February 24, 1987
(302 Or 657)

## STATE OF OREGON,
*Appellant,*

*v.*

## JIMMY REVES STRUBHAR,
*Respondent.*

(8506-1179; CA A37512)

## STATE OF OREGON,
*Appellant,*

*v.*

## PATRICIA ANN JACKSON,
*Respondent.*

(8506-1179; 8507-1488; CA A37513)
(Cases consolidated)

728 P2d 928

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for respondents. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The state appeals an order suppressing marijuana seized pursuant to a warrant. The evidence was suppressed following a determination that the affidavit upon which the warrant was issued alleged facts insufficient to create probable cause that marijuana could be found on the premises.

Relevant portions of the police officer's affidavit state:

"In the month of February 1985, I received information from a confidential reliable informant (CRI) that Jimmy Strubhar had marijuana for sale at his residence located at 915 S. Davidson, Albany * * *. The CRI pointed out the residence to me and a check with the Department of Motor Vehicles' records showed Jimmy Reeves Strubhar with [that address].

"In the month of June 1985, * * * [t]he CRI told me that Jimmy Strubhar was now living at 915 7th Avenue, Albany, Oregon. The CRI drove by the house with me and pointed it out as the Jimmy Strubhar's residence. * * *

"In the past seventy-two (72) hours, I was contacted by the CRI. * * * [T]he CRI told me that the CRI has been associated with Jimmy Strubhar for the past forty-five (45) days. The CRI advised that Jimmy Strubhar has in the past forty-five (45) days had marijuana available, for sale, at his residence on 7th Avenue. The CRI advised me that in the past seven (7) days the CRI has observed over one-half (1/2) pound of marijuana within the Jimmy Strubhar residence. The CRI has in the past used marijuana and is familiar with its color and odor. The CRI has supplied information to me in the past that has resulted in the execution of two (2) search warrants resulting in three (3) felony arrests related to controlled substances.

"I checked with Pacific Power and Light Company in Albany, Oregon * * *. [C]ompany records showed Jimmy R. Strubhar as the subscriber for 915 7th Avenue, Albany, Oregon, with a beginning account date of May 3, 1985."

Sufficiency of a search warrant at the time these events occurred was governed by *former* ORS 133.545(3).[1] That provision required that an application for a search warrant be supported by

---

[1] ORS 133.545 was amended by the legislature in 1985. Or Laws 1985, ch 344, § 1. Subsection (3) is now numbered subsection (4).

"* * * one or more affidavits particularly setting forth the facts and circumstances tending to show that the objects of the search are in the places, or in the possession of the individuals, to be searched. If an affidavit is based in whole or in part on hearsay, the affiant shall set forth facts bearing on any unnamed informant's reliability and shall disclose, as far as possible, the means by which the information was obtained."

The statute is intended to codify the former federal *Aguilar/ Spinelli* test[2] and requires affidavits grounded on information provided by unnamed informants to set forth (1) the basis of the informant's knowledge and (2) facts showing the informant's "veracity." *State v. Villagran,* 294 Or 404, 409, n 3, 657 P2d 1223 (1983); *State v. Christen/Hankins,* 79 Or App 774, 720 P2d 1303 (1986); *State v. Smith,* 73 Or App 800, 700 P2d 311 (1985); *State v. Middleton,* 73 Or App 592, 700 P2d 309, *rev den* 299 Or 522 (1985); *State v. Horwedel,* 66 Or App 400, 674 P2d 623, *rev den* 296 Or 638 (1984). Defendants argue that the trial court ruled correctly in finding that the affidavit supporting the search warrant failed the veracity portion of the test. Defendants also assert that information regarding the presence of marijuana in defendant's residence was "stale." We disagree.

Affidavits in support of warrants should be tested in a common sense, non-technical manner, with an examination of facts recited and the inferences that can be drawn from the facts. *State v. Age,* 38 Or App 501, 503, 590 P2d 759 (1979). In *State v. Mellinger,* 52 Or App 21, 627 P2d 897 (1981), we held that the reliability of an unidentified informant may be established by a recital of facts showing that the informant has previously proven reliable. *See also State v. Nehl,* 19 Or App 586, 528 P2d 553 (1974), *rev den* (1975); *State v. Thacker,* 9 Or App 250, 496 P2d 729 (1972). The affidavit in this case

---

[2] When ORS 135.545 was adopted, the federal constitutional sufficiency of an unnamed informant was evaluated under the "two pronged test" taken from *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964), and *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969). The United States Supreme Court has since rejected the *Aguilar/Spinelli* test in favor of a less restrictive "totality of circumstances" test. *See Illinois v. Gates,* 462 US 213, 103 S Ct 2317, 76 L Ed 2d 527 (1983). ORS 135.545, however, still requires that a supporting affidavit containing information from an unnamed informant meet the *Aguilar/Spinelli* test. A warrant sufficient under the Oregon statutory standard automatically meets the new federal standard. *State v. Horwedel,* 66 Or App 400, 674 P2d 623, *rev den* 296 Or 638 (1984).

stated that the informant had provided information which had led to three prior felony arrests. "The reliability of past information does not solely depend on whether the affidavit recites that the previously supplied information resulted in convictions." *State v. Mellinger, supra,* 52 Or App at 26. Additionally, the information from the informant about the residence of defendants and the change of residence was corroborated by the police officer from an independent source. We conclude that the reliability of the informant was sufficiently supported by the affidavit.

■ Defendants argue that the information in the affidavit was stale and therefore insufficient to support probable cause. In *State v. Gribskov,* 45 Or App 403, 405, 608 P2d 593, *rev den* 289 Or 209 (1980), we stated:

"'The rationale behind the staleness rule is that at the time the warrant is issued there must be probable cause for believing the items sought still exist at the designated location. The length of time permitted to elapse without destroying the basis for the reasonable belief as to the continuance of the situation as the affiant described it will vary according to the facts of each case. * * *'"

The presence of a substantial quantity of drugs, possession of drugs by someone who lives on the premises to be searched and a prior history of drug activity at that location support the inference that drugs will be present there at a later date. *State v. Ingram,* 251 Or 324, 445 P2d 503 (1968); *State v. Koppenhafer,* 59 Or App 213, 650 P2d 981, *rev den* 294 Or 149 (1982); *State v. Scheer,* 49 Or App 937, 620 P2d 973 (1980); *State v. Kittredge/Anderson,* 36 Or App 603, 585 P2d 423 (1978).

■ Here, the informant observed more than one-half pound of marijuana at defendants' residence seven days before the issuance of the affidavit. The informant indicated also that marijuana was available for sale over a 45-day period at defendants' home. Although it is possible that one-half pound of marijuana might be consumed or sold in a seven-day period, it is more likely than not that marijuana would still be on the premises seven, or even ten days later, because, as the affidavit demonstrates, there was continuous drug activity at defendants' residence. Because marijuana was on sale there over a 45-day period before the informant's statements to the

affiant, it is reasonable to infer that it would also be available there on the date the warrant was executed.

The affidavit satisfies the requirements of *former* ORS 133.545(3) and the state and federal constitutions. *See State v. Horwedel, supra.*

Reversed and remanded.