Argued and submitted January 31, affirmed December 17, 1986

# STATE OF OREGON,
*Appellant,*

*v.*

# WILLIAM CLARENCE URBACH,
*Respondent.*

## (37616; CA A35946)
730 P2d 571

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Sally L. Avera, Deputy Public Defender, Salem, argued the cause for respondent. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The state appeals an order granting defendant's pretrial motion to suppress evidence seized from his residence pursuant to a search warrant. The issue is whether the affidavit in support of that warrant established probable cause to believe that illegal drugs and related paraphernalia would still be present in his residence or automobile when the warrant was issued. We hold that it did not and affirm.

A deputy sheriff's affidavit for the warrant stated, in material part:

"I know that Methamphetamine is identified in street slang as crank or speed. * * *

"Today I had a conversation with a Confidential Reliable Informant, I know to be reliable for the reasons set forth below.

"The Confidential Reliable Informant (Hereafter referred to as CRI) stated that he/she had been present at 2145 S. Hwy 97 Redmond, OR. within 48 hours of our conversation, and had personally observed 1/4 to 1/2 ounce of crank at the said residence. The CRI informed me that the premises was a private residence of wood construction, white in color which faces East onto Hwy 97 S. Redmond, OR., and also has fire number 2145 along side Hwy 97 S., Redmond, OR. The CRI further advised that the said residence is occupied by a Bill Urbach.

"* * * The CRI informed me that subject Urbach sells and uses the drug Methamphetamine and sometimes takes it with him in his private vehicle when he leaves the residence."

The magistrate issued a search warrant authorizing a search of defendant's residence and his automobile for methamphetamines, implements of their use and records of their sale. Defendant was subsequently indicted for possession of a controlled substance, ORS 475.992, on the basis of the evidence seized from his residence.

Defendant's motion to suppress the evidence seized from his residence contained a variety of challenges. Only two are material to the appeal: the reliability of the information from the unnamed informant and whether the information provided was too stale to support the issuance of a warrant.

The trial court concluded that the veracity of the

informant was established and that the information given to the affiant was reliable. The court, however, concluded that, because of the small quantity of drugs asserted to be present in defendant's home 48 hours before the warrant was issued, there was no reasonable basis for the magistrate to conclude that the drugs would still be on the premises. The state argues that the issuing magistrate could reasonably infer that defendant, whom the informant characterized as a user and seller of methamphetamines, regularly maintained a supply of the drugs at his residence and that that fact, coupled with the information of drug possession by the resident, was sufficient to uphold the warrant.

We agree with the trial court's conclusion that the unnamed informant's reliability was established under ORS 133.545(4), the Oregon Constitution and the federal constitution. Defendant does not challenge that conclusion. We do not, however, agree that the affidavit sufficiently disclosed the means by which the unnamed informant obtained part of the information. We know from the affidavit that the informant was in defendant's residence and personally observed 1/4 to 1/2 ounce of methamphetamine, that the informant personally observed the house and that defendant's car was in the driveway. The informant's statement that defendant "sells and uses the drug Methamphetamine and sometimes takes it with him in his private vehicle when he leaves the residence" is not an acceptable basis for the issuance of the warrant, because there is no indication as to how the informant obtained the information. As defendant argues, the information could be the product of rumor or an unverified statement from a third person. ORS 133.545(4); *State v. Smith,* 73 Or App 800, 700 P2d 311 (1985).

The question is now whether the remaining information in the affidavit is sufficient to establish probable cause to believe that the sought for evidence would be in the defendant's house when the warrant was issued. *State v. Koppenhafer,* 59 Or App 213, 650 P2d 981, *rev den* 294 Or 149 (1982).

The reliable information remaining is that the informant had observed 1/4 to 1/2 ounce of methamphetamine in defendant's residence within 48 hours of the time when the

affidavit was signed. There is no information telling the issuing magistrate the significance of 1/4 to 1/2 ounce of the drug: whether that is a small amount that would be consumed by one individual in a single day or whether it is an amount that would supply a user for several days. Additionally, there is nothing to indicate that there is continual drug traffic or use in defendant's residence. All the credible information which the affidavit discloses, vis-a-vis drug use or possession, is that the informant saw and reported a single incident of drug possession. There is nothing in the affidavit to support an inference that drugs would be present in defendant's residence 48 hours after the informant was there.

Affirmed.