# STATE OF OREGON,
*Appellant,*

*v.*

# HOWARD GLENN MOORE,
*Respondent.*

## (C89-10-35579; CA A67430)

831 P2d 70

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Steven V. Humber, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

**DEITS, J.**

The state appeals from an order suppressing evidence obtained from defendant's residence during the execution of a search warrant. The issue is whether a previous affidavit attached to the affidavit supporting the search warrant may be considered in deciding if there was probable cause supporting issuance of the search warrant. We reverse and remand.

In May, 1989, Officer O'Dea submitted a two-page affidavit to a Multnomah County district court judge in support of a warrant to search a residence in the county. The affidavit stated that, on April 25, 1989, O'Dea had presented an affidavit to another Multnomah County district court judge in support of a warrant to search the same residence, that the warrant had issued and that O'Dea had returned the warrant unserved. The affidavit submitted in May incorporated the earlier affidavit, stating

> "[t]hat on 25 April 1989, at approximately 1500 hours, I presented an affidavit to Multnomah County District Court Judge Dorothy Baker and was issued a search warrant for 6323 NE 8th Avenue, City of Portland, County of Multnomah, State of Oregon. Furthermore, I incorporate by reference the attached affidavit, Exhibit A, for search warrant numbering five (5) pages as referenced above. The above referenced warrant was returned to the court by myself unserved."

An unsigned copy of the April affidavit was attached to the May affidavit. A new warrant was issued and, on the basis of evidence seized under that warrant, defendant was charged with manufacture, delivery and possession of a controlled substance. ORS 475.992(1); ORS 475.992(4).

Defendant moved to suppress the evidence, arguing that the warrant was defective. The trial court granted defendant's motion, explaining that the April affidavit, even though it was attached to the May affidavit, could not be considered because it was unsworn and unsigned and that, without it, there was no probable cause to support the issuance of the warrant. The state concedes that, without the April affidavit, there was no probable cause to support issuance of the warrant. It argues, however, that the physical attachment of the April affidavit and incorporation of it by

reference in the May affidavit allowed the trial court to consider both affidavits in support of issuance of the warrant. We agree.

The statute governing applications for a warrant provides:

> "The application [for a warrant] shall consist of a proposed warrant in conformance with ORS 133.565, and shall be supported by one or more affidavits particularly setting forth the facts and circumstances tending to show that the objects of the search are in the places, or in the possession of the individuals, to be searched." ORS 133.545(4).[1]

As discussed in *State v. Russell*, 293 Or 469, 473, 650 P2d 79 (1982), the purpose of the statutory requirements as to the form of supporting affidavits is to facilitate subsequent review for the existence of probable cause. As the court explained, a defendant is

> "entitled to the benefit of the statutory requirement that the information before the magistrate be presented or recorded in a form which will be available for review at a suppression hearing, usually before a different judge." 293 Or at 474.

The statutory requirements also serve the purposes of avoiding the possibility of justification for a search being based on facts discovered in the execution of the warrant and of minimizing the necessity of calling issuing magistrates or other witnesses at a later hearing to prove what can be documented. *State v. Russell, supra*, 293 Or at 473.

The record plainly shows what information was presented to the issuing magistrate, and all of the documents are available for a reviewing court to consider in determining whether there was probable cause to issue the warrant. The fact that the April affidavit is not separately sworn to and signed does not require its exclusion. The affiant's statement that he had previously submitted the April affidavit to the court and its incorporation by reference and physical attachment is sufficient to satisfy the purposes of ORS 133.545(4). The trial court erred in excluding the April affidavit and in granting the motion to suppress.

Reversed and remanded.

---

[1] Defendant does not waive any constitutional issues.